THEO. WINNINGHAM, Appellant, v. S. C. FANCHER, Respondent.

Kansas City Court of Appeals, January 16, 1893.

1. **Principal and Agent:** RESCINDED CONTRACT: MONEY HAD AND RECEIVED. W. agreed with F., agent of D., for the purchase of certain real estate, and W. paid to F. (for D.) $200 on account of the purchase price; D. having repudiated the agency, refused to perform the contract; and thereupon W. disaffirmed and rescinded the same, and sued F. to recover the money still in his hands, without any change in his situation since its receipt. Such action is maintainable and is not on the contract of the principal D., since he has abrogated and rescinded the same.

2. **Money Had and Received:** ACTION FOR. The action for money had and received will lie in general wherever the defendant has received money which is the property of the plaintiff, and which the defendant is obliged by the ties of natural justice and equity to refund.

3. **Principal and Agent:** AGENT'S ACCOUNTING. The agent must be loyal to his principal, accounting to him alone; and this applies to all cases in which the agent holds a particular fund for a particular principal, provided the case be one in which the principal could recover from the agent, as he cannot in this case, since he has repudiated the agent and his contract.

*Appeal from the Jackson Circuit Court.*—HON. JOHN W. HENRY, Judge.

REVERSED AND REMANDED.

*John K. Cravens* and *Milton Moore*, for appellant.

(1) Whenever the defendant has received money from another to be applied to a specific purpose, for example, as part payment on the purchase price of real estate for the sale of which he assumes to be agent, but to which purpose he does not apply it, because the supposed vendor repudiates the transaction and refuses to make conveyance, and the defendant keeps the money, he is liable to the party from whom he received it, in an action for money had and received. *Railroad v. McLiney*, 32 Mo. App. 166; *Ins. Co. v. Walsh*, 18 Mo. 229; *Conley v. Doyle*, 50 Mo. 234; *Harvey v. Morris*, 63 Mo. 475; *Koontz v. Bank*, 51 Mo. 275; *Skeen v. Johnson*, 55 Mo. 24; *Fletcher v. Cole*, 23 Vt. 114; *Crossgrove v. Himmelrich*, 54 Pa. St. 203; *Manahan v. Noyes*, 52 N. H. 232; *Carey v. Curtis*, 3 How. (U. S.) 236, 246, 255; Bigelow on Frauds, pp. 517, 518; Wharton on Agents & Agencies, secs. 515, 516, 524, 527; Story on Agency, secs. 300, 264; 1 Sugden on Vendors [8 Am. Ed.] pp. 357 (236), 379 (248); Chitty on Contracts [11 Am. Ed.] p. 920, and notes; Dicey on

Parties [2 Am. Ed.] 107 (91), 275 (257), 277 (259), 282 (263). (2) The defendant Fancher either was the agent of Davis when he made the contract dated March 29, 1886, or he was not such agent. If he was not such agent, then he obtained the money by fraud in representing to Winningham that he was such agent, or by Winningham's mistaken belief that he was, and the money could be recovered in an *assumpsit* for money had and received. Bigelow on Fraud, *supra*, and authorities there cited; Wharton on Agents & Agency, secs. 524–527; Story on Agency, sec. 2644, *et seq.; Ins. Co. v. Walsh, supra.* (3) Fancher assumed to have authority to contract for the sale of the entire property. Mrs. Rosannah Davis owned a one-half thereof in fee, and it is not pretended that Fancher had any power to bind her interest; hence, Winningham was justified in abandoning the sale, and in suing Fancher for the earnest money which he still retained. Mechem on Agency, secs. 541–545; *Kreger v. Pitcairn,* 101 Pa. St. 311; *Lander v. Castro,* 43 Cal. 497.

*Francis W. Randolph,* for respondents.

(1) Fancher having full authority from his principal to make the contract, the $200 paid on said contract became the property of Davis. The legal title to the same was vested in him and no cause of action exists in favor of Winningham against the defendants. *Bogart v. Crosby & Van Haran,* 80 Cal. 195; *Emerson v. Dooley,* 120 N. Y. Ct. of App. 540; *Whitney v. Wyman,* 101 U. S. Sup. Ct. 392; Story on Agency [Ed. 1889] secs. 261, 263; Wharton's Commentaries on Agency & Agents [Ed. 1876] sec. 517; Mechem on Agency [Ed. 1889] sec. 555; *Greely-Burnam Co. v. Capen,* 23 Mo. App. 301. (2) The question whether the vendee is entitled to the return of the deposit, or

whether the agents are entitled to the same as commission, is to be determined in actions brought by them against the vendor; between themselves there is no liability either way. *Bogart v. Crosby & Van Haran, supra.*

GILL, J.—This controversy may be briefly stated as follows: Defendant Fancher, assuming, at least, to be the authorized agent of Davis, entered into a contract in the name of his alleged principal with plaintiff Winningham for the sale of some real estate in Kansas City, and Winningham at the time paid to Fancher, for Davis, on account of the purchase the sum of $200. When subsequently informed of the deal, Davis repudiated the sale or alleged contract, on the ground that Fancher had no authority to make it. After a somewhat protracted effort to get Davis to comply with the agreement and deed the land, the plaintiff Winningham abandoned his contract, and then demanded a return of the $200, which had all the time been held by defendant. The defendant declined to pay over the money which had been thus deposited by plaintiff, and, thereupon, this suit for money had and received was brought. On a trial by the court sitting as a jury, a finding and judgment were had in defendant's favor, and plaintiff appealed.

I. The evidence on the question as to whether or not Fancher was authorized by Davis to make the sale to Winningham was conflicting, so that the trial judge would have been justified in finding either way on that issue of fact. In favor then of the judgment below, we shall assume in what we have to say that Fancher was the duly appointed agent of Davis, and had, therefore, full authority to enter into the contract he did, and, also, to receive for Davis the money here in dispute.

The case then is this:  W. agreed with F., agent of D., for the purchase of certain real estate, and W. paid to F. (for D.) $200 on account of the purchase price.  D., having repudiated the agency, refused to perform the contract, and thereupon W. disaffirmed and rescinded the same, and by this suit seeks to reclaim the deposit of $200 yet in the hands of F., the agent.  On this state of facts the circuit court held that plaintiff could not recover.

In our opinion the ruling of the trial court was erroneous.  We are not unmindful of the general rule, so often declared, that when one contracts merely as the known agent of another the personal responsibility of the agent will not be involved, but the principal for whom such agent was acting must be looked to.  Story on Agency, sec. 261.  But there is another rule which we quote from the same high authority:  "If a party who has paid money to an agent for the use of his principal becomes entitled to recall it, he may upon notice to the agent recall it, provided the agent has not paid it over to his principal, and also provided no change has taken place in the situation of the agent, since the payment to him, before such notice."  Story's Agency, sec. 300; *Koontz v. Bank*, 51 Mo. 277.

Now this law, when applied to the facts in the case at bar, gives plaintiff the case.  Winningham lodged with Fancher the sum of $200 to be paid to Davis as part of the purchase price of the land.  Davis refused to be bound by the contract of sale and declined to make the deed.  Thereupon Winningham became entitled to rescind the contract and recall his deposit.  2 Chitty on Contracts [11 Ed.] 920–1.  The agent Fancher had not delivered the money over to Davis, and made no showing whatever of any right on his own account to said money or any part thereof.  The contract once existing between Winningham and Davis *had on* account of the

fault of Davis been abandoned, and at the institution of this suit it stood for naught—just as if no such agreement had ever been made. Under such circumstances the plaintiff had a right to demand the return of the money paid. When the contract became null and void (because of an exercise of the right of election resting with Winningham on Davis' default) the title to the money in the hands of Fancher became *ipso facto* vested in the plaintiff. Defendant then and now holds this money as the property of this plaintiff, which in equity and good conscience defendant ought to return to plaintiff.

Lord MANSFIELD has well said that this action for money had and received "will lie in general whenever the defendant has received money which is the property of the plaintiff, and which the defendant is obliged by the ties of natural justice and equity to refund." *Cary v. Curtis*, 3 How. (U. S.) 246-7.

This is not a suit against an agent on a contract of his principal. That contract which was once in existence between the plaintiff and Davis was, for the fault of said Davis, abrogated and abandoned; and when it was thus rescinded the condition of matters was such that Fancher had in his possession $200 of plaintiff's money, and for the holding and retention of which there was no consideration whatever.

This money must, after rescission of the land contract, belong to *some one*. The *agent* clearly was not entitled. He claimed to hold it as the property of another—Davis. *Davis* had no right to it, for he could only claim it through the land sale to Winningham, and that contract he, Davis, ignored; and because of his (Davis') refusal to perform it Winningham elected to and did effectually abandon and rescind said contract. The money in controversy was after the rescission manifestly the property of plaintiff.

We have examined some authorities that would seem, at first blush, to sustain the defense. But on a close examination there is found little difficulty in avoiding any substantial conflict. For example, some of the cases, somewhat similar, have decided against holding the agent on the ground suggested in this quotation from Wharton on Agency, section 517: "The agent must be loyal to his principal, accounting to him alone; and this rule applies to all cases in which the agent holds a particular fund for a particular principal, *provided the case be one in which the principal could recover from the agent.*" (The italics are ours.) Now the latter clause is particularly pertinent in this case. Here the principal (Davis) could not recover from the agent Fancher. Davis openly and unequivocally repudiated the contract and refused to have anything to do with the deposit, and when he so refused plaintiff put an end to the contract by rescinding and revoking the entire agreement, as he had a clear right to do.

Judgment reversed and cause remanded. All concur.