ALEXANDER R. MARTIN, Respondent, v. SIDNEY P. ALLEN, Appellant.

Kansas City Court of Appeals, May 6, 1907.

1. **VENDOR AND VENDEE: Real Estate Agent: Liability for Earnest Money: Payment.** An agent disclosing the name of his principal incurs no personal liability; and where money has been paid over to him for his principal, which later on should be returned to his principal's vendee, he should on notice, return the same if he has not paid it to his principal or his condition has not changed.

2. ——: ——: ——: **Stakeholder.** But where the contract between his principal and the latter's vendee converts the agent into a trustee to hold the earnest money subject to certain contingencies in regard to the title, the agent on the happening of such contingencies becomes liable to the vendee for the return of the money.

Appeal from Jackson Circuit Court.—*Hon. John G. Park*, Judge.

AFFIRMED.

*Reed, Yates, Mastin & Howell* for appellant.

(1) Where money is paid to an agent for the benefit of a disclosed principle and such agent delivers the money to his principle, it cannot be recovered from the agent. The right of action is against the principle alone. 1 Am. and Eng. Ency. of Law, 1119; Winningham v. Fancher, 52 Mo. App. 462; Bogart v. Crosby, 80 Cal. 195; Zimmele v. Plaster Board Com., 1 N. Y. App. Div. 327; Grocery Co. v. Bank, 118 Ala. 408; Kurzowski v. Schneider, 179 Pa. St. 500; Huffman v. Newman, 55 Neb. 713; Matthews v. O'Shea, 45 Neb. 299; Embry v. Galbreath, 110 Tenn. 297. (2) When an agent pays money to his principal, he cannot be made liable for its return to the party paying the money. Authorities cited supra.

*Ashley, Gilbert & Dunn* for respondent.

(1) A person contracting as agent will be personally liable, whether he is known to be an agent or not, in all cases where he makes the contract in his own name, or voluntarily incurs a personal responsibility either express or implied. Story on Agency, sec. 269; Meade v. Altgeld, 33 Ill. App. 379; Affirmed 136 Ill. 304. (2) "Where an agent, who stands in the situation of a stakeholder, receives money to be paid over upon the happening of a certain contingency or the performance of given conditions, and pays it over before the happening of the contingency or the performance of the conditions, such payment will be no defense to an action by the party ultimately found to be entitled to receive the money." Mechem on Agency, sec. 566, and cases cited; Burrough v. Skinner, 5 Burr. 2639.

(3)   An answer denying each and every allegation in plaintiff's petition "not hereinbefore expressly admitted" amounts to nothing as either a general or specific denial as required by the statute.   Snyder v. Free, 114 Mo. 360; Chemical Works v. Nemnich, 169 Mo. 397; Ritchey v. Insurance Co., 98 Mo. App. 125; Dezell v. Fidelity & Casualty, 176 Mo. 253.   (4)   The allegation of a conclusion of law raises no issue, need not be denied, and its truth is not admitted by a motion for judgment on the pleadings.   Dezell v. Fidelity & Casualty Co., 176 Mo. 253; Chemical Works v. Nemnich, 169 Mo. 397.

JOHNSON, J.—Plaintiff, vendee in a written contract for the sale of real estate, brought this action against the vendor and her agent to recover the sum of five hundred ($500) dollars paid by him pursuant to the terms of the contract.   He alleges in the petition, in effect, that the payment was made to the agent on the agreement that the amount thereof should be held by the latter during the period fixed in the contract for the examination by plaintiff of the abstract of title and the rectification by the vendor of any defects in the title disclosed by such examination; and that defects were found in the title which the vendor failed to remedy in the time prescribed, whereupon plaintiff elected to rescind the contract and demanded of defendants the return of the deposit. The demand being refused, this action followed.   The vendor was not served with summons and the action was dismissed as to her.   In due time, the agent filed an answer which was followed by a motion filed by plaintiff for judgment on the pleadings.   The motion was sustained and judgment was entered in favor of plaintiff from which defendant prosecutes this appeal.

The facts which in this state of case we must treat as admitted are as follows:   Defendant, acting on be-

half of his principal, entered into a written contract
with plaintiff on the fifteenth day of September, 1902,
for the sale to plaintiff of a farm owned by his principal
at the agreed price of eight thousand, four hundred
($8,400) dollars. Plaintiff was required by the terms
of the contract to pay the purchase price in the follow-
ing manner: "Eight hundred ($800) dollars at the time
of the signing of this contract, the receipt of which is
hereby acknowledged by the seller, and which is de-
posited with Sidney P. Allen, as part of the considera-
tion . . . twenty-eight hundred ($2800) dollars in
cash on March 1, 1903, and the balance by deed of trust
and notes due five years after date with interest at
six (6) per cent." Further, it was provided that "the
seller is to furnish within thirty days from the date
hereof a complete abstract of title to said property
from United States to the present record title, with
such usual certificates as may be required by the buyer,
as to taxes, general and special, condemnation proceed-
ings, judgments and mechanics' liens, from the various
courts in which judgments would be liens thereon. The
buyer is to have thirty days for the examination thereof
and for submitting to the seller a memoranda of such
requirements as he may consider necessary to perfect
the title. If the title be found to be defective, the seller
agrees to have the defects rectified within a reasonable
time which is not to exceed thirty days from the date
at which the transfer of the property is to be consum-
mated under the terms of this contract; but in case such
defects in the title cannot be cured or remedied within
that period, and no extension of time is had between
the parties, this contract is to be null and void, and
the sum of eight hundred ($800) dollars deposited as
aforesaid, is to be returned to the buyer. If, though
the title be good and the seller has kept her part of
this contract — the buyer fails to comply with its re-
quirements on his part within thirty days after being

furnished with the abstract of title, then the aforesaid deposit of eight hundred ($800) dollars shall be forfeited to the seller. But for this cause this contract shall not cease to be operative as between the parties hereto."

Plaintiff paid to defendant the sum of eight hundred dollars when the contract was signed and in due time was furnished with an abstract of title. On examination thereof, he found certain defects in the title which he called on the vendor to correct. This was not done and when the time fixed in the contract for the correction of such defects had expired, plaintiff demanded the return of the deposit. Shortly after the money was paid to the agent, the latter paid over five hundred dollars thereof to his principal and retained the remainder of three hundred dollars as his commission, so that when demand was made on him by plaintiff, he had but three hundred dollars of the money in his possession. He paid this sum to plaintiff and claimed and still claims, that this payment fully satisfied the measure of his liability to plaintiff. On these facts, the learned trial judge held defendant liable for the sum he paid over to his principal.

It is argued by defendant that as he received the money as a partial payment made by plaintiff on the purchase price of the land, it came to his hand in his representative capacity, and that it was not only his right but his duty to account to his principal immediately and to pay over to her the portion of the payment belonging to her. On the other hand, plaintiff contends that notwithstanding defendant entered into the transaction as the agent of his principal, the terms of the written contract imposed on him the duties of a trustee with relation to the custody of the initial payment, and that, until the happening of the event which would give to one or the other of the contracting parties the right to receive the money, defendant should

have held it intact.   In other words, that defendant received that payment, not as the agent of his principal, but as a stakeholder, and should have disposed of it, not as his principal might desire, but according to the terms of the contract.

The rule is quite general that an agent who, as in the present case, discloses the name of his principal to the person with whom he is dealing, incurs no personal responsibility to such person on account of the transaction.   This rule has its exceptions, among them one which we quote from Story on Agency: "If a party who has paid money to an agent for the use of his principal becomes entitled to recall it, he may, upon notice to the agent, recall it, provided the agent has not paid it over to his principal, and also provided no change has taken place in the situation of the agent since the payment to him before such notice." [Winningham v. Fancher, 52 Mo. App. 458.]   As defendant had paid the money to his principal before plaintiff made any attempt to recall it, this exception can have no application to the facts of the present case.

But there is another exception to the general rule above stated.   Where the contract or the circumstances of the transaction disclose a mutual intention to impose a personal responsibility on the agent, such intention, if it appears to be an integral part of the contract, will be enforced, since a personal undertaking on the part of the agent is not necessarily inconsistent with his character as agent.   [Mechem on Agency, sec. 558; Meade v. Altgeld, 33 Ill. App. 373; *affirmed,* 136 Ill. 300.]   An agent, by the express or implied agreement of himself and the parties to a contract, may assume the position of trustee with relation to money or property involved in the transaction, and where, as an agreed stakeholder, he receives money to be paid over upon the happening of a certain contingency or the perform-

125 App.—41

ance of certain conditions, and pays it over before the happening of the contingency or the performance of the conditions, such payment will be no defense to an action by the party ultimately entitled to receive the money. [Mechem on Agency, sec. 566; Burrough v. Skinner, 5 Burr. 2639.]

Conceding that defendant is entitled to the presumption at the outstart that he intended only to bind his principal and not to incur any personal liability, such presumption must yield to the different intention we find expressed in the contract itself. We are satisfied the contract clearly shows that defendant was to receive the initial payment and hold it as a stakeholder during the time allotted for perfecting the title, and in the event his principal performed the terms of the contract, defendant was to account to her for the money; but on the other hand, should she fail in the performance of the contract, a duty was imposed on him to return the money to plaintiff. The contract states that the money "is deposited" with defendant, and provides that in case "defects in the title cannot be cured or remedied within that period . . . the sum . . . deposited as aforesaid is to be returned to the buyer." But if "the seller has kept her part of this contract" and the buyer fails to perform his part thereof "then the aforesaid deposit . . . shall be forfeited to the seller." It is true that the sum thus deposited, in the contingency stated, is to be treated "as part of the consideration of the sale," but the clear intent and purport of the entire arrangement required defendant to hold the deposit in his custody until the time came for paying it over to the party entitled to receive it Our conclusion does not depend entirely on the definition of the word "deposit" though there is some force in the argument that the employment of that term in the contract, of itself, indicated a purpose to invest defendant with the duties and responsibilities of a stake-

holder, but in giving effect to all of the provisions of the contract, we are convinced they cannot be harmonized with the presumption that defendant was acting in the transaction in no other capacity than that of an agent serving his principal. He must be held to have assumed the duties of a trustee, and, on the happening of the event which gave plaintiff the right to recall the deposit, should have returned the money to him.

It follows that the judgment must be affirmed. All concur.