O. R. COBLE, Appellant, v. G. H. DENISEN and P. F. CARTER, Respondents.

Kansas City Court of Appeals, November 7, 1910.

CONTRACTS: Sale of Real Property: Breach: Earnest Money. A vendee, in a written contract for the sale of real estate deposited with vendor's agents $100 pursuant to the terms of said contract. The vendors failed to deliver an abstract of title within the time provided for such delivery. *Held*, that vendee could recover the amount deposited in an action against the agents for a breach of contract.

Appeal from Jackson, Circuit Court.—*Hon. E. E. Porterfield,* Judge.

REVERSED AND REMANDED (*with directions*).

*George B. Strother* for appellant.

*Pierre R. Porter* for respondents.

BROADDUS, P. J.—This is an action for a breach of contract. The plaintiff commenced his suit in a justice court against Moore and Stevens, the parties to the contract, and Denison and Carter their agents in the transaction. At the trial the cause was dismissed as to Moore and Stevens. The judgment was in favor of Denison and Carter and the plaintiff appealed. On trial anew in the circuit court plaintiff prevailed, but on motion the judgment in his favor was set aside and new trial granted to defendants from which plaintiff appealed to this court.

The plaintiff's vendee in a written contract for the sale of real estate, brought this action against the vendors and their agents to recover the sum of one hundred dollars paid by him pursuant to the terms of the contract. The petition alleges in effect that the payment was made to the agent on the agreement

that the same should be held by the latter during the time fixed in the contract for examination by plaintiff of the abstract to the property and the rectification of any defects in the same if any were shown; that on failure of the vendors to furnish such abstract in time and otherwise complying with the terms of the contract, the one hundred dollars deposited with defendants as agents of the vendors was to be returned to the plaintiff and the contract was to be considered as null and void. The plaintiff alleges that the vendors committed a breach of said contract in that, they failed to furnish said abstract within the time so provided therein. Therefore he asks for a judgment for the amount of said deposit.

The defendant filed an answer containing a general denial of plaintiff's allegation, and setting up as a defense that plaintiff had not complied on his part with certain provisions of said contract, to-wit: That said contract provided for the sale of one of two separate tracts of land of which plaintiff was to have choice; that it was impossible for defendants to prepare an abstract because the plaintiff failed to make such choice; and further that before the expiration of the time in which defendants were to furnish said abstract, plaintiff expressly notified them that he would not consummate the contract, and relying upon said notification, they regarded the contract as annulled and for that reason did not deliver the abstract at the office of Denison and Carter as the contract stipulated. The contract provided that: "The vendors shall within ten days from the date thereof, deliver at the office of Denison & Carter, a complete abstract of the title to said property," etc. An the contract among other matters provided that if the plaintiff failed to comply with the said contract on his part he should forfeit the said one hundred dollars and the contract be considered void. The plaintiff introduced evidence tending to show that he demanded at the office of defend-

ants an abstract of the property within the time provided by the contract and was told by defendants that none could or would be furnished. Defendants admit that the abstract was not furnished in time, but introduced evidence to the effect that plaintiff notified them before the expiration of the ten days that he would not complete the contract. The plaintiff denied that he had done so.

The defendants at the close of all the evidence asked the court to instruct, that under the evidence and pleadings the verdict must be for the defendants. The court refused to so instruct, but submitted the case to the jury upon instructions asked by plaintiff. The jury returned a verdict for plaintiff for the sum in controversy with interest. The court set aside the verdict and granted a new trial, on the ground that, "the court erred in admitting any testimony and in refusing defendant's demurrer." If defendant's petition stated a cause of action, the fact pleaded by defendants that plaintiff refused to make a choice as between the two tracts of land mentioned in the contract, constituted no defense as plaintiff was entitled to an abstract before he was required to make such choice. The question whether plaintiff notified defendants before the expiration of the ten days time, that he would not comply with the contract was settled in plaintiff's favor by the verdict of the jury.

There is left for our consideration the main question whether the petition states a cause of action? In considering this question we must look to the substance and not to the form of the action, as the cause was instituted in a justice court, where strictness of pleading is not required. We think, however, the petition sufficiently informed defendants of the nature of plaintiff's demand. And it seems that defendants so considered it if we may judge by the elaborate answer

they filed as a defense to the cause of action stated. We infer from defendant's argument that they rely mostly as a defense upon the theory that plaintiff's remedy if he has one is for money had and received, and that defendants are not liable for a breach of the contract as they were only agents and not parties thereto. Undoubtedly the plaintiff's suit is for breach of contract, and not for money had and received. But it is held in a case like this in every important particular, that the agent was a party to the contract and by reason of his position he became a trustee. In Martin v. Allen, 125 Mo. App. 636, the court used the following language: "When the contract or the circumstances disclose a material intention to impose a personal responsibility on the agent, such intention if it appears to be an integral part of the contract, will be enforced. Since a personal undertaking on the part of the agent is not necessarily inconsistent with his character as agent."

Under the authority of the case cited, and those therein referred to, the plaintiff's petition did state a cause of action, though imperfectly, against defendants for breach of contract. Therefore the cause is reversed and remanded with directions to restore the verdict of the jury and to enter judgment for the amount thereof. All concur.