Gordon D. KALBERG and June M. Kalberg,
Plaintiffs-Respondents,

v.

GILPIN COMPANY, a corporation, and
George Walchshauser, Defendants-
Appellants.

No. 29049.

St. Louis Court of Appeals.

Missouri.

May 17, 1955.

Motion for Rehearing or to Transfer
to Supreme Court Denied
June 10, 1955.

Flynn and Parker, Francis C. Flynn, Norman C. Parker, St. Louis, for appellants.

Edward Ruzicka and Edouard F. Laurent, St. Louis, for respondents.

NOAH WEINSTEIN, Special Judge.

This is a proceeding instituted by Gordon D. Kalberg and June M. Kalberg, his wife, to recover from George Walchshauser and Gilpin Company, a corporation, the sum of $1,500 paid by the Kalbergs as earnest money under a written contract for the sale of improved real estate in St. Louis County, Missouri.

The petition alleges that the Kalbergs (plaintiffs) entered into a written contract wherein the defendant Walchshauser agreed to sell, plaintiffs agreed to purchase and defendant Gilpin Company agreed to finance certain improved real estate; that plaintiffs paid to said defendants the sum of $1,500 as provided in said contract and have performed all obligations required of them under said written contract but defendants have failed to comply therewith; that plaintiffs have demanded that defendants refund said $1,500, which demand has been refused.

Defendants' answer admits that plaintiffs paid the $1,500 and that defendants have refused to return said sum to plaintiffs, and alleges that plaintiffs refused to perform the obligations of the said contract through no fault of the defendants; that defendants have fully performed all of the obligations required of them under said contract and that they, the defendants, are rightfully entitled to retain said $1,500.

The Kalbergs, while house hunting on a Sunday afternoon, stopped at a certain house in St. Louis County. In the front yard they saw a "For Sale" sign of Gilpin Company, a real estate company, one of the defendants below. William N. Withington, an employee of Gilpin Company showed them through the house and advised them that the price was $18,000. The next day they again inspected the house and thereafter went to the office of Gilpin Company, at which time the following contract, as prepared by Withington, was signed by plaintiffs, as purchasers, and Withington for Gilpin Company, agent.

"Sale Contract

"The undersigned seller agrees to sell and the undersigned purchaser agrees to purchase, property known as *6 room ranch type, located on approximately ½ acre of ground at Tesson Ferry Road and Walchshauser Court; Box 361, Route 14, St. Louis County Mo. Legal description to be governed by title.* including the following fixtures and personal property (which seller guarantees are fully paid for), electric fixtures, heating equipment and oil burner, *electric hot water heater, aluminum screen and storm sash as attached to building and overhead exhaust fan.*

"The total price is *Eighteen Thousand Dollars & no cents* ($18,000.00) Dollars.

"Property is subject to the following deeds of trust and none other.

*To be delivered free and clear of all encumbrances.*

"Balance is payable as follows:

"Cash payment of *$1500.00,* of which earnest money is a part.

"Return deed of trust for *$16,500.00 to be financed by Gilpin Co. obtaining*

*a first and second deeds of trusts with total payments of principal, interest, taxes and insurance not to exceed three hundred and fifty dollars monthly. Financing to have pre-payment privileges.*

"If above mentioned *financing cannot be obtained this contract becomes null and void and earnest money is to be refunded to purchasers.*

"This contract to be binding when and if signed by the other party within *four* days.

Sale is to be closed at office of *Gilpin Co. upon completion of title examination and necessary financial arrangements* under the usual closing practices of the St. Louis Real Estate Board hereinafter set forth, and made part of this contract. Title to property is to pass when sale is closed. Possession is to be delivered on *close of the deal.*

"Deed to be made to

Commission shall be $          , to be paid by seller and to be a lien on the property.

| Date (seller) September 30, 1952 | Date (purchaser) September 29, 1952 |
|---|---|
| George Walchshauser | Gordon D. Kalberg |
| Seller | Purchaser |
|  | June M. Kalberg |
| Seller's wife (husband) | Purchaser's wife (husband) |
| Address | Address |
| Phone | Phone |

| Witness to signature of Seller and wife | Witness to signature of Purchaser and wife |
|---|---|

"Received $1500.00 as earnest money on account of above sale September 29, 1952.

"Gilpin Co.

"Agent

"By W. N. Withington

"(Over)"

The above contract is on a printed form in common use throughout the City and County of St. Louis, Missouri, and has printed on its reverse side "Closing Practices of St. Louis Real Estate Board". Those portions of the contract which are handwritten are underlined. At the time plaintiffs signed the above instrument they executed and delivered their check for $1,500, payable to Gilpin Company. The signature of George Walchshauser, 'Seller, was placed upon the contract subsequently and several days later the contract, bearing the signatures of plaintiffs, Gilpin Company by Withington, and Walchshauser, was delivered to the plaintiffs.

Thereafter Thomas G. Gilpin, President of the Gilpin Company, called plaintiffs and told them that he had arranged a first and second deed of trust and that the plaintiffs would be expected to pay 20% of the second deed of trust of $5,000 as a commission. Plaintiffs protested and advised Gilpin that they would not pay the commission and requested a return of the earnest money. A week or ten days later plaintiffs were advised by Gilpin that the commission for the second deed of trust had been reduced to 15% but plaintiffs protested that the contract said nothing about paying for the deeds of trust and again asked that the earnest money be returned. In a subsequent conversation Gilpin told one of the plaintiffs that the commission for the loan could be reduced to 10%, at which time the plaintiffs again took the position that they were not interested; that the contract did not call for any commission on the deeds of trust, and asked for the refund of their earnest money, which was refused by Gilpin.

Plaintiffs thereafter called defendant Walchshauser, the owner of the real estate involved, and asked to be released from the contract. Walchshauser stated he had no power to do so; that it was up to Gilpin.

Thereafter, at a meeting in defendant Gilpin Company's office, plaintiffs were presented with the closing papers which they and their lawyer examined. Plaintiffs refused to complete the transaction because of a charge of $505 designated on the closing statement as the cost of obtaining a first and second deed of trust ($240 for the first deed of trust and $265 for the second deed of trust).

The closing statement introduced in evidence included the following items:

Earnest money paid ....$ 1,500.00
First Deed of Trust ... 12,000.00
Second Deed of Trust .. 5,300.00

Total $18,800.00

Plaintiffs had neither purchased nor sold nor dealt in real estate prior to this time. Both plaintiffs are employed by the same company, one as a consulting engineer and the other as an assistant sales engineer.

Defendant Walchshauser testified that the Gilpin Company was his agent for the sale of the property. Defendant Gilpin Company offered testimony concerning the prevailing charges for making first and second deeds of trust. Gilpin testified that the cost of arranging first deeds of trust was between 1½% to 2% and from 10% to 20% on second deeds of trust. This testimony was objected to and at the conclusion of the hearing before the trial court plaintiffs moved to strike the testimony, which motion was sustained by the court in its final order.

Defendants introduced additional testimony by Withington to the effect that at the time he delivered the executed contract to the plaintiffs, there was conversation between them concerning the cost to the plaintiffs of the first and second deed of trust. This testimony was specifically denied by the plaintiffs.

From a judgment for plaintiffs for $1,500 against both defendants, defendants take this appeal.

Plaintiffs have bottomed their action on the breach of the express terms of the written contract executed by them as purchasers and Walchshauser as seller. The name Gilpin Company also appears on the contract, but only in its capacity as the admitted agent for the seller and for the limited purpose of acknowledging receipt of the $1,500 earnest money paid by plaintiffs.

One of the terms of this contract is that if the financing therein described, to-wit, $16,500 through a first and second deed of trust, cannot be obtained, then the contract is to be null and void and the earnest money payment of $1,500 is to be refunded to plaintiffs.

In Kimbrough v. Gross, Mo.App., 268 S.W.2d 56, plaintiffs did not rely upon the existence of a written contract but upon the oral representation of the real estate broker that he would arrange financing. The broker in the Kimbrough case obtained and retained the deposit from the prospective purchasers upon the implied condition that if he could not arrange the financing as represented, then he, the broker, would refund the deposit to the prospective purchasers. The written contract in the Kimbrough case is silent on the broker's obligation to obtain financing.

Plaintiffs here have no independent contract or arrangement with the broker to secure financing. The contract is between plaintiffs as purchasers and defendant Walchshauser as seller. This contract contains in clear and unambiguous language the express condition that if the financing therein described is not obtained, the contract becomes void and the earnest money is to be refunded to plaintiffs-purchasers. The consideration paid and to be paid by plaintiffs (exclusive of minor adjustments which are specifically set forth on the reverse side of the contract under the caption "Closing Practices of St. Louis Real Estate Board" and which are not involved here) was $1,500 in cash and $16,500 by

first and second deeds of trust and nothing more.. The closing statement received in evidence at the trial of this case indicates that the purchasers were to become obligated to execute first and second deeds of trust in the total amount of $17,300. In an effort to explain the increase in the amount of the deeds of trust from $16,500, as provided in the written contract, to $17,300, defendants offered oral evidence concerning the usual practice and charge for placing deeds of trust on residential property in the St. Louis area. This was an obvious attempt to show by parol evidence that plaintiffs should pay a consideration other than that specified in the written contract. This, if permitted, would defeat by parol evidence the legal effect and operation of a written contract. Here the suit is between the parties to the contract with the agent of one of the parties joined as a defendant. No fraud, accident or mistake is alleged by defendants. The contract is plain and unambiguous. Parol evidence is not admissible to vary its terms. State ex rel. and to Use of Alport v. Boyle-Pryor Construction Co., 352 Mo. 1061, 180 S.W.2d 727, 730. Likewise, evidence of trade usages and customs is not admissible to vary the terms of a written contract. Murphy v. Reed, Mo.App., 193 S.W.2d 947.

■ The parties here have contracted so as to make the consideration a part of the contract itself, thereby binding the parties with special terms and conditions. It cannot be changed or varied any more than any other terms therein. The written contract is complete on its face and is conclusively presumed to contain the entire agreement of the parties, and all prior agreements are merged in it, in the absence of fraud, accident or mistake. Duncan v. Spencer, Mo. App., 211 S.W. 698.

■ It should be noted that plaintiffs have, in this instance, proceeded properly in joining as defendants both the seller-principal and his agent. Although it is generally true that an agent who discloses the name of his principal to the persons with whom he is dealing incurs no personal responsibility to such persons on account of the transaction, there is an exception where the contract or circumstances of the transaction discloses a mutual intention to impose a personal responsibility on the agent. Such intention appears in the written contract here involved wherein the agent acknowledged receipt of the $1,500 earnest money subject to a stipulation contained on the reverse side of the contract that it would be retained by the agent subject to certain conditions or until the sale was consummated. Thus the agent was to hold this payment as a stakeholder subject to being accountable to both the seller and the buyers. Martin v. Allen, 125 Mo.App. 636, 103 S.W. 138. See also Sanders v. Sheets, Mo.App., 287 S.W. 1069, which discusses and limits the holding in Martin v. Allen. The liability of the defendant owner is clearly established by the express language of the written contract, viz., "If above mentioned financing cannot be obtained, this contract becomes null and void and earnest money is to be refunded to purchasers." Thus plaintiffs have properly brought their action against both defendants, principal and agent. Sanders v. Sheets, supra.

■ Plaintiffs' action is in effect one for damages by reason of breach of contract and plaintiffs have elected to establish their damages as the amount paid as earnest money on the contract. This measure of damages seems to be the established basis of compensation for the seller's breach of his contract under these circumstances. Benson v. Watkins, 313 Mo. 426, 285 S.W. 407; Sanders v. Sheets, supra.

The judgment of the trial court is affirmed.

ANDERSON, P. J., and RUDDY, J., concur.