ALDERMAN v. COX, *Plaintiff in Error.*

**Practice**: VERDICT. A judgment will not be reversed at the instance of the party against whom it was rendered, on the ground that the verdict was for but half the amount shown by the evidence to be due if any recovery at all was to be had.

*Error to Nodaway Circuit Court.* — HON. H. S. KELLEY, · Judge.

AFFIRMED.

The petition alleged the sale of a threshing machine to two persons, jointly, and their joint undertaking to pay for the same, and asked judgment against one of them personally, and also against him as the administrator of the other party. His answer was a general denial. There was evidence that the machine was to be paid for in notes. The court instructed the jury that, if they found for the plaintiff, they should assess his damages at what would have been the value of the notes at the time of trial, had they been executed and delivered according to contract. The jury returned a verdict against defendant for just one-half of the amount of the notes, with interest to the time of trial.

*Johnston & Jackson* for plaintiff in error.

Some of the jurors must have believed that plaintiff in error was not liable, but were coaxed or induced to return a verdict against him by the reduction of the amount to one-half of the sum claimed; and this is a full answer to the argument that the error complained of, being in defendant's favor, he cannot complain. It was not an error in his favor, but an error without which a verdict must have been returned in his favor, or a mis-trial recorded. The general doctrine, therefore, should be applied. A verdict against law, or a finding contrary to the direction of the court should be set aside. R. S. 1879, § 3704; *Rose*

*v. St. Charles*, 49 Mo. 511; *Emerson v. County*, 49 Cal. 543; *Hayward v. Armsbee*, 7 Wis. 99, 111; 3 Graham & W. on New Trials, 1178, 1180, 1184, 1185; *Todd v. Boone Co.*, 8 Mo. 431, 437; *Fulkerson v. Bollinger*, 9 Mo. 828, 830, dissenting opinion of Napton, J.; *Hearne v. Keath*, 63 Mo. 84; *McDonald v. Walter*, 40 N. Y. 551, 553. If there has been a miscarriage of justice, or substantial justice has not been done, a new trial should be granted. *Meyer v. Fiegel*, 38 How. Pr. 424; *Christy v. Holmes*, 57 Ind. 314; *Kelsey v. Hanmer*, 18 Conn. 310; *Johnson v. Blackman*, 11 Conn. 358.

*Lafe Dawson & Edwards* for defendant in error.

SHERWOOD, C. J.—The defendant has no ground of complaint because the jury found a verdict for plaintiff for "just one-half of the amount" the latter claimed was due him, notwithstanding the evidence as to the amount due him was uncontradicted. The defendant cannot be said to have been injured because compelled by the verdict to pay a less sum than he contracted to pay. Were the plaintiff complaining, a different question would be presented, one not necessary to be now considered. The result is, we affirm the judgment. All concur.