John U. Gaty, Respondent, v. G. H. Sack, Appellant.

Kansas City Court of Appeals, November 23, 1885.

1. Practice—Manner of Objecting for Variance.—In case a variance is claimed to be material, the party complaining must bring himself within the rule to make the irregularity available to him. "An *affidavit* setting forth in what respect a party has been misled is the only test, under our statute, of the materiality of the discrepancy between *allegata* and *probata*. Even then the variance is not necessarily fatal, for the court may order an amendment upon terms." *Turner v. R. R. Co.*, 51 Mo. 501.

2. Principal and Agent—Rule as to Interest of Agent.—The rule is well established "that in matters touching the agency, agents cannot act so as to bind their principals, where they have an adverse interest in themselves." But this "interest" manifestly refers to

the subject matter of the agency—the thing on which the agent undertakes to act and deal with for the principal.

3. INSTRUCTION—WHEN IT INCLUDES MATTERS NOT ESSENTIAL TO RE-COVERY.—The fact that an instruction directed attention to an act not proven, nor essential to be proven to entitle plaintiff to a verdict, ought not alone to be ground of reversal, when the other facts and acts predicated in the instruction were amply sufficient to support the verdict which the evidence tended to establish.

4. CONTRACT—RESCISSION—PRE-REQUISITES OF.—While a contract of employment remains executory, the principal may rescind it, especially if the agent was not acting in good faith towards him. But the party claiming the right of rescission must give notice to the other party to the contract of the fact that he does withdraw, and this before the other party has performed.

APPEAL from Johnson Circuit Court, HON. NOAH M. GIVAN, Judge.

*Affirmed.*

The case and facts are stated in the opinion.

SAMUEL P. SPARKS, for the appellant.

I. There was no allegation in statement that plaintiff was a real estate agent, and the compensation is different in such case, and it was error to admit evidence of that fact. *Erben v. Lorillard,* 2 Key's 567 ; *Dyer v. Sutherland,* 75 Ill. 585 ; 2 Sutherland on Damages, 451.

II. It was competent and material to show a secret agreement of agent with a third party that his (G.'s) interest in a farm should be kept secret, as tending to show that his own interest conflicted with his duties as defendant's agent. Story on Agency, section 210.

III. Plaintiff's instruction was erroneous (1) That jury should consider whether plaintiff was a land agent, since it was not averred. (2) To consider if by his advertisement and exertion he procured a purchaser for the land. There was no evidence of any advertisement. He must do more to entitle him to recover. *Gaty v. Foster,* 18 Mo. App. 639. (3) That he was the *procuring cause* of negotiations which resulted in sale ; this phrase should have been defined. *Earp v. Cummins,* 54 Pa. St.

394. (4) It did not limit the amount of recovery, leaving the jury in the dark as to the measure. *Crews v. Lackland,* 67 Mo. 619.

IV. The court erred in refusing defendant's instructions, both as to variance and the uncertainty as to what contract was relied on. Also, as to the duties of an agent, all correctly defined by the instructions so refused. *1. M. Bk. v. Dickson,* 62 Mo. 70 ; *Bk. v. Armstrong, Ibid,* 69 ; *Beale v. McKiernan,* 6 Miller (La.) 407.

O. L. HOUTS, for the respondent.

I. Plaintiff's instruction was correct. The failure to limit the amount of recovery does not vitiate, as the verdict was for less than the amount claimed. The fact is undisputed that plaintiff brought the parties together, and under the authorities cited, he is entitled to judgment no matter what instructions were given or refused. *Tyler v. Parr,* 52 Mo. 249 ; *Bees v. Kaiser,* 50 Mo. 150. The action was commenced before a justice of the peace, and the petition is good, especially after verdict. *Tyler v. Parr,* 52 Mo. 249 ; *Bees v. Kaiser, supra.*

II. Instructions refused to defendants were properly refused, because the instructions given embody the same principles, and cover the case. There was but one contract proven, and there was no variance.

III. 'It was not error to exclude evidence of plaintiffs' interest in another farm. The fact was uncontradicted and the evidence was immaterial at all events.'

IV. The verdict of a jury cannot be impeached by the statement of a juror to a third party. The motion for a new trial was properly overruled. *Stair v. Dunn,* 80 Mo. 681 ; *State v. Fox,* 79 Mo. at p. 112, and cases cited. The court in overruling a motion for new trial found from the evidence that defendant failed to show misconduct on the part of the jury.

PHILIPS, P. J.—This action was begun before a justice of the peace, and tried on appeal, before a jury, in the circuit court. Plaintiff recovered judgment, from which defendant prosecutes this appeal.

The statement filed in the justice's court alleged in substance, that the defendant was the owner of certain lands in Johnson county, and that in the month of May, 1883, he employed plaintiff to sell said lands for him, and agreed to pay plaintiff to obtain a purchaser therefor a commission of three per . cent. upon the selling price, and a further reasonable sum. That in the following month of August plaintiff obtained a purchaser for and sold said lands at the aggregate price of $4,000.00. Judgment is asked for the three per cent. commission, and the further sum of thirty dollars, as additional reasonable compensation.

It appeared from the plaintiff's evidence, that in the month of April, 1883, the defendant placed said lands in his hands, as a real estate broker or agent, to sell for him. The contract was to the effect set out in the statement, and run for ninety days next ensuing; that plaintiff failing to sell during that period, the defendant frequently thereafter talked to him as if desirous of continuing the contract, and that his agency did so continue ; that in the month of August he was instrumental in bringing to defendant a purchaser, with whom defendant consummated a contract of sale at the price of $4,000. The defendant's evidence tended to show, that after the expiration of said three months the agency of plaintiff was at an end ; but that on the day when the purchaser of this land was in plaintiff's office for the purpose of going with plaintiff to look at another farm, he met said purchaser there, and did consent to an arrangement with plaintiff to the effect that if he would on that day, but not on any other, take this purchaser to see defendant's farm, and effect a sale to him, he would pay him the commission ; and that defendant promised to do so, as he was going out that way anyhow, and it would be but little out of his course to go by and show defendant's farm. But that the plaintiff, instead of showing defendant's farm to said purchaser on that day, neglected and failed, not only to take him to this farm, but made representations to the

purchaser as to the title and quality, so as to positively discourage a sale; and that thereafter defendant took the matter in hand and effected the sale without the assistance or consent of plaintiff. There was other evidence bearing on the issues, for and against the claim of plaintiff.

I. The first error assigned by appellant is, that there was a variance between the statement of the case and the proof made at the trial, in this: the statement declares on a contract made in May, 1883, whereas the proof showed that that contract had expired by its own terms, and that recovery was sought on a new and substituted arrangement made in August, 1883. There is no merit in this objection. There is but one cause of action, and the same subject matter. The action having been brought in a justice's court, such strictness in pleading is not to be exacted. *Metz v. Eddy*, 21 Mo. 13.

Moreover, if the variance was material, the defendant has not brought himself within the rule to make the irregularity available to him. "An affidavit setting forth in what respect a party has been misled is the only test, under our statute, of the materiality of the discrepancy between *allegata* and *probata*. Even then the variance is not necessarily fatal; for the court may order an amendment upon terms." *Turner v. R. R. Co.*, 51 Mo. 501.

II. It is also assigned for error that the court permitted the plaintiff to state in evidence that he was a real estate agent—it not being specifically alleged in the statement filed with the justice that he was such agent or broker, and that the contract was made with him as such. What is said above is equally applicable to this criticism. Defendant could not have been misled by the proof, as it is manifest from his own evidence that he knew the business of plaintiff was that of a real estate agent, and he dealt with him as such.

III. It appears from the record that at the time plaintiff claimed to be acting as agent for defendant he was secretly interested in a farm known as "the Dyke

farm." This was the farm he took the said purchaser out to see on the day defendant proposed that he go by to see his farm. Defendant complains that the court excluded evidence offered by him tending to show that the plaintiff concealed from him the fact of this secret interest. The contention of appellant is, that plaintiff's interest, thus concealed, conflicted with his duty as agent for the sale of defendant's land, and should be held to defeat plaintiff's action. In support of this position we are referred to Story on Agency, section 210, and other like authorities.

The rule invoked is " that in matters touching the agency, agents cannot act so as to bind their principals where they have an adverse interest in themselves." This interest manifestly refers to the subject matter of the agency—the thing on which the agent undertakes to act and deal with for the principal. It has no application to the facts of this case. It cannot be so extended as to make it apply to the instance of a real estate agent having his own lands or any other lands for sale, so long as he does not permit his interest in other like transactions to interfere with his duty to his principal. Otherwise a real estate agent could only have on his list of lands for sale one farm at a time, or would not be allowed to sell his own lands, without first advising one of his patrons of his purpose and interest in other tracts. Suppose he did keep the fact of his interest in the Dyke farm concealed from defendant, how did that fact concern the defendant, or in and of itself affect his relation as agent for defendant's land? Defendant does not pretend, or at least he did not offer any proof to the effect, that he would not have intrusted the sale of his land to plaintiff had he known that he was secretly interested in the Dyke farm.

Aside from all this, the defendant had the full benefit of the fact before the jury. The plaintiff testified: "I did not tell Sack I was a part owner of the Dyke farm; did not try to conceal that I was part owner. I suppose he knew the farm was not in my

name. It was in Cliff Thompson's name, who had given me a writing stating my interest. I did not let it be known publicly that I was part owner of the Dyke farm." And the defendant himself testified that he did not know at the time of the transactions in question that plaintiff was interested in the Dyke farm. What more could appellant ask in respect of getting the fact before the jury?

Superadded to this, the court gave for defendant the following instruction bearing on this aspect of the proof:

" The court instructs the jury that an agent must perform his duty in such a manner as to reasonably answer the intended purpose for which he was employed, and that he forfeits his right to compensation by misconduct or any conduct that would prejudice the rights or interests of his employer or principal, and in such cases cannot recover, and should the jury find that plaintiff, Gaty, was employed by defendant, Sack, and that, said Gaty was not performing his part of the contract so as to induce a sale to Hale, or was doing anything to discourage the sale to Hale, then the jury must find for defendant."

This gave him the full benefit before the jury of any legitimate use he could make of this fact. Under such circumstances this court will not reverse simply because the court rejected, at one stage of the proceedings, the offer of defendant to make substantially the same proof. *City of Linneus v. Dusky, ante,* p.—

IV. Objection is made to the following instruction given on behalf of plaintiff:

" The court instructs the jury that if they should believe from the evidence that defendant employed plaintiff to sell the land in question, and that plaintiff was a land agent, and that by his advertisement and exertion he procured a purchaser for said lands or was the procuring cause of the negotiations between defendant and said purchaser, which resulted in the sale of defendant's land, the plaintiff is entitled to recover in this cause, even though the jury may find from the evidence that the land was sold by defendant himself and that he concluded the bargain."

Such an instruction, substantially, was approved by the supreme court in *Bell v. Kaiser* (50 Mo. 150), and *Tyler v. Parr* (52 Mo. 249). The only criticism to which it might reasonably be subjected is, its reference to the "advertisement" of the land by plaintiff. There was not sufficient evidence of the fact of plaintiff having advertised this land for sale to have warranted a recovery thereon. And if it were at all probable that the verdict of the jury was in any degree based thereon, or influenced by such fact, the verdict should be set aside. But the instruction predicates the right of recovery, not only upon one or more other grounds, which the law recognizes as sufficient, and there was evidence of such acts being done by plaintiff, but the advertising was coupled with the act of "exertion," which was also sufficient as a basis of recovery. The fact, therefore, that the instruction directed attention to an act not proven, nor essential to be proven, to entitle plaintiff to a verdict, ought not alone to be ground of reversal, when the other facts and acts predicated in the instruciion were amply sufficient to support the verdict which the evidence tended to establish. *Houx v. Batteen*, 68 Mo. 84 ; *State v. Ware*, 69 Mo. 332 ; *Wright v. McPike*, 70 Mo. 176 ; *Noffsinger v. Baily*, 72 Mo. 216 ; *Morris v. R. R. Co.*, 79 Mo. 368.

V. It is further objected to this instruction that it did not limit the amount of recovery, but left the jury at their own discretion. This objection would possess merit had the jury returned a sum in excess of what the undisputed evidence shows the plaintiff was entitled to, if he sold the land under the contract between the parties. The jury by their verdict must have found the existence of the contract. There was no dispute at the trial but that the plaintiff was to have, at least, a commission of three per cent. upon the amount the land sold for. That was customary. The uncontradicted evidence is that the defendant received $4000 on the sale. The plaintiff's commission, to say nothing of a further reasonable compensation, would be one hundred and twenty dollars, at three per cent. Whereas the verdict of the jury was for

only $87.58. The defendant cannot complain of this. (*Alexander v. Cox*, 74 Mo. 78; *Nance v. Metcalf*, *ante*, p. 183.

VI. The defendant asked and the court refused an instruction, to the effect, that while the contract of employment of plaintiff remained executory the defendant had the right to rescind it, and especially so if the plaintiff was not acting in good faith nor making any effort to sell the land. As an abstract proposition of law we may admit the instruction to be correct. But the party claiming the right of rescission must give notice to the other party to the contract of the fact that he does withdraw, and this before the other party has performed. There was no evidence of such notice before the time when plaintiff claims he had brought the defendant and the purchaser together.

VII. Some question was raised by the motion for new trial touching improper conduct of the jury in the manner of arriving at their verdict. Aside from the requirement of the rules of this court, the appellant has not attached enough importance to this matter to present the evidence of the imputed irregularity in the abstract of record. We accept this as an indication that he does not insist upon this as error.

VIII. We are free to say that, in our opinion, the weight of the evidence appears from the record to have been with the defendant.

But the evidence did not so preponderate in his favor as to warrant the conclusion that the jury were influenced by undue prejudice or passion. Under such circumstances we will not interfere with their province to judge of the weight of evidence and the credibility of the witnesses.

The instructions given by the court, taken as a whole, very fairly and sharply put before the jury the real issues of the case. We need not, therefore, review those refused.

The other judges concurring, the judgment of the circuit court is affirmed.