JOSEPH GIFFORD, Respondent, v. CASPER WEBER, Appellant.

Kansas City Court of Appeals, January 6, 1890.

| 38 | 595 |
| 59 | 347 |

1. **Damages:** NOMINAL NO CAUSE FOR REVERSAL. Although at the trial it was admitted that, if the plaintiff was entitled to recover at all, his damages should be a given sum, yet the fact that the jury only returned nominal damages is no matter of complaint by the defendant.

2. **Appellate Practice:** ASSIGNMENT OF ERRORS: ISSUES FOR COURT. The assignment of errors and joinder therein present the issues for the appellate court, and it cannot consider questions not included therein.

*Appeal from the Carroll Circuit Court.*—HON. J. M. DAVIS, Judge.

AFFIRMED.

PLAINTIFF sued the defendant before a justice of the peace for damages, by reason of the negligence of defendant in permitting fire to escape from his premises onto the plaintiff's premises and destroying the plaintiff's property.   Damages were laid at $54.60.

On the application of defendant, a change of venue was awarded, and the cause transferred to another justice.   Defendant failing to appear before the latter justice, judgment by default was entered against him for the full amount claimed.   The defendant appealed to the circuit court, where, on a trial before a jury, verdict and judgment was had for plaintiff for one dollar.   Defendant has appealed to this court.

*Hale & Sons*, for the appellant.

(1)   Under the issue in this case, as presented by the instructions, the testimony and admission of the parties on the trial, it was the duty of the jury, if they found for the plaintiff, to assess the damages at the value of the property destroyed by the fire, and it was admitted by the defendant that, if they found for plaintiff, the damages should be assessed at the amount claimed, to-wit, $54.60.   The jury had but one question before them, that is, was defendant guilty of the negligence charged in the complaint, to-wit:   Was defendant guilty of negligence in setting out the fire?   It is evident from their finding that this was a compromise verdict.   Part of the jury favored a verdict for plaintiff, and part for defendant.   If they had all been in favor of a verdict for plaintiff, their finding, under the instructions and evidence, would have been for the full amount claimed.   The plaintiff had no right to a verdict unless all of the jury believed that defendant was guilty of the negligence charged.   (2)   The motion to dismiss, filed at December term, 1887, should have been sustained.   Section 2954, Revised Statutes, 1879, requires

the justice, to whom cause is sent on change of venue, "to set the same for trial, and cause the parties to be notified thereof in writing, which notice shall be served on the parties not less than five nor more than fifteen days before the day fixed for such trial. The notice in this case was not served on the defendant, but on a "member of the family," as the return of the constable says, and was not sufficient. *Corneli v. Partridge*, 3 Mo. App. 575; *Ryan v. Kelly*, 9 Mo. App. 397.

GILL, J.—I.   The matter relied upon for reversal is this, as claimed by defendant: That it was admitted at the trial, that, if plaintiff was entitled to recovery at all, his damages were as plaintiff claimed, $54.60, whereas the jury, while finding for the plaintiff, assessed the damages at only *one dollar*.

As authoritatively settled in this state, defendant cannot complain of this.   *Alderman v. Cox*, 74 Mo. 78; *Chinn v. Davis*, 21 Mo. App. 365.

II.   The other point suggested in defendant's printed argument, to-wit, the insufficiency of the service of notice by the justice of the peace, as to when the cause was set for trial before said justice, cannot be considered by us, for the reason that no such question is presented in the assignment of errors.

Defendant filed here a formal assignment of errors, and plaintiff in due time filed his "joinder in error." The issues then for this court were made, and defendant cannot now present a point not included in said assignment of errors.

Judgment affirmed.   All concur.