WEISELS-GERHARDT REAL ESTATE COM-
PANY, Respondent, v. PEMBERTON INVEST-
MENT COMPANY, Appellant.

St. Louis Court of Appeals, October 24, 1910.

1. APPELLATE PRACTICE: Inadequacy of Relief to Respond-
ent: Complaint by Appellant. The general rule that a party
is not entitled to a reversal of the judgment because more
favorable than the case asserted justifies and that defendant
cannot urge that the verdict for plaintiff is less than he is
entitled to applies only where the issues warranted the jury
in reckoning with the equities involved and a verdict was
awarded accordingly.

2. ———: ———: ———: Suits on Express Contracts for Speci-
fied Sum. Where, in an action on an express contract for a
specified sum, the issue raised by the answer denying the
contract was whether there was a contract, so that plaintiff,
if entitled to recover, was entitled to recover the specified sum,
a verdict for less than the specified sum will be set aside on
appeal by defendant, because it does not respond to the precise
issue, for, unless there was a contract for the full amount, no
right of recovery existed.

Appeal from St. Louis City Circuit Court.—*Hon. J.
Hugo Grimm*, Judge.

REVERSED AND REMANDED.

*Schnurmacher & Rassieur* and *John T. Fitzsim-
mons* for appellant.

The jury disobeyed the instruction of the court
in this that they did not find for plaintiff for one
per cent of the gross rentals reserved, together with
interest. Instead they undertook to determine the is-
sues according to their own rough shod notions of jus-
tice, rather than according to the law as epitomized and
applied by the instructions. Cole v. Armour, 154 Mo.
333; Wehringer v. Ahlemeyer, 23 Mo. App. 277; Raf-
ferty v. Railroad, 15 Mo. App. 559; Crigler v. Duncan,
121 Mo. App. 381; Contracting Co. v. Wrecking Co., 137
Mo. App. 392.

Real Estate Co. v. Investment Co.

*Stern & Haberman* for respondent.

Harmless error is not ground for reversal. There are no errors assigned upon this appeal respecting the trial. A verdict will not be disturbed for the mere reason that it is in a smaller sum than plaintiff was entitled to recover if entitled to a verdict. Kriegler v. Duncan, 121 Mo. App. 381; Alderman v. Cox, 74 Mo. 78; Seger v. Abington, 217 Mo. 568; Morrow v. Pike, 189 Mo. 610; Gaty v. Sack, 19 Mo. App. 470; Harrison v. Murphy, 106 Mo. App. 465; Gifford v. Weber, 38 Mo. App. 595; Stiewel v. Lally, 115 S. W. 1134; Mo. Bottlers' Assn. v. Fennerty, 81 Mo. App. 525; Gibson & Bro. v. Jenkins, 97 Mo. App. 27; Beckham v. Puckett, 88 Mo. App. 636; Gardner v. Eldridge, 130 S. W. 406; Rose v. Williamsville, 123 S. W. 949; Lindsey v. Stephens, 129 S. W. 646; Otto v. Young, 127 S. W. 18; Turner v. Morris, 125 S. W. 240; Knittel v. Railroad, 128 S. W. 6; Armstrong v. Life Ins. Co., 112 S. W. 334; St. Louis v. Finley, 118 S. W. 845; Landwehr v. Carey, 113 N. W. 345; Graves v. White, 95 Pac. 347; Wilcox v. Sargent, 60 S. E. 810; Farke v. Brown, 60 S. E. 1014; Rogers v. Fowler, 115 N. W. 469; Berger v. Bugh, 110 N. Y. S. 975; Johnson v. Perkins, 62 S. E. 152; Smith v. Suttich, 102 Pac. 683; Dingley v. Buckman, 104 Pac. 478; Wolf v. Goodline, 43 Barb. 400; Wright v. Griffey, 44 Ills. 115; Smith v. Lee, 82 Ga. 674; Wood v. Belden, 54 N. Y. 658.

NORTONI, J.—This is a suit for commissions alleged to have been earned by plaintiff under an express contract. Plaintiff recovered and defendant prosecutes an appeal.

There is but one question presented for decision and that relates to the fact the jury returned a verdict for just one-half the amount sued for, when it appears that under the terms of the contract plaintiff should recover, if anything, the full amount therein stipulated.

Plaintiff, an incorporated company, is engaged in the real estate business in St. Louis. Defendant, an incorporated company, owns a ninety-nine year leasehold on the northwest corner of Seventh street and Washington avenue, in the city of St. Louis. It is averred that defendant, desiring to sub-let the property mentioned for a term, employed the plaintiff real estate company to negotiate a lease for it. The petition contains but one count, which sets forth an express contract for a commission of one per cent. on the gross amount of rents to be received by · defendant under the lease. It is averred defendant employed plaintiff to negotiate a lease of its property with the Union House Furnishing Company for a period of years and agreed to pay it a stipulated commission of one per cent. on the gross rental for the term; that plaintiff fully performed all the conditions of the contract on its part by procuring the Union House Furnishing Company to enter into an indenture of lease with defendant for a term of twenty years; that the rental agreed upon for the full period of twenty years was $620,000, payable in installments, etc. Plaintiff therefore prays judgment for the amount of $6200 or one per cent. of the entire amount of rent agreed upon between the parties. The answer is a general denial. Indeed, the only question at issue between the parties relates to the contract; for defendant pointedly denies it *in toto*. The testimony on the part of plaintiff tends to prove the express contract laid in the petition, that is to say, that defendant expressly agreed to pay plaintiff a commission of one per cent. on the total rentals to be received for whatever acceptable lease it might procure from the Union House Furnishing Company. For defendant, the evidence tends to prove that no contract whatever was made for the payment of a commission on the lease and that plaintiff was not employed by it.

The theory of the defense advanced is, that plaintiff called at its place of business in the spring and proposed to negotiate a lease with the Union House Furnishing Company for the property, but that no agreement whatever was made touching the matter. It is said plaintiff endeavored to negotiate a lease for a time but finally abandoned its efforts in that behalf and late in the fall defendant took up the matter on its own account with the Union House Furnishing Company and consummated a lease for a twenty year term at a gross rental of $620,000 for the full period, to be paid in installments therein mentioned.

The instructions submitted to the jury the question as to whether or not the contract for commissions was made and the jury were directed that in the event of a finding for plaintiff the verdict should be for $6200. Though the jury found for plaintiff, it awarded him a recovery of $3100 only, or, in other words, precisely one-half the amount sued for. Defendant insists that the verdict should be set aside for the reason it is not responsive to the issue in the case and for the further reason that it discloses on its face the jury acted arbitrarily in the premises and in utter disregard of the evidence and instructions of the court. As a general rule, one is not entitled to a reversal of the judgment because it is more favorable to him than the case asserted in the trial court justifies. [2 Ency. Pl. and Pr. 527.] In keeping with this general doctrine it has been several times decided in this state that a judgment should not be reversed on appeal for the reason it appears to be for a much smaller sum than the plaintiff insists was due on the theory advanced for a recovery. The following cases will illustrate: Alderman v. Cox, 74 Mo. 78; Gaty v. Sack, 19 Mo. App. 470; Gifford v. Weber, 38 Mo. App. 595; Chinn v. Davis, 21 Mo. App. 363; Crigler v. Duncan, 121 Mo. App. 381, 99 S. W. 61. But in all of these cases the issues were such as to warrant the jury in reckoning with the

equities involved and it seems the verdicts were awarded accordingly. There can be no doubt that a different rule prevails in this jurisdiction at least when the suit is on an express contract for a given amount and the question presented relates solely to whether or not the contract was made, as in the case now in judgment. The Supreme Court has conclusively settled the question so far as we are concerned in Cole v. Armour, 154 Mo. 333, 66 S. W. 476. The case mentioned is directly in point and under the Constitution it is controlling authority here. For another adjudication to the same effect, see Powers v. Gouraud, 19 Misc. 268, 44 N. Y. Supp. 249. In Cole v. Armour, supra, the Supreme Court based its ruling on the ground that the verdict itself conclusively proved the jury did not believe the testimony going to establish the alleged contract. It is said if the jury had believed the contract was made as asserted by plaintiff, then its verdict necessarily would have been for the full amount; for if the contract existed in fact and plaintiff fully performed it, he was entitled to recover its full measure. On the other hand, in such suits on express contracts, if the jury believes no such contract was made, then no recovery at all may be allowed. The reasoning of the law in such circumstances is that instead of acting on the evidence and in conformity with the instructions of the court, the jury proceeds to administer equities when none whatever are involved, for it is a clear issue of contract with all of its terms and conditions, or no contract at all. It is said by the New York court, in actions on contract in which the plaintiff is entitled to recover his full claim or nothing whatever and the jury awards a lesser amount, the verdict will be deemed to show that in determining the case the jury either wholly disregarded the evidence, misapprehended its effect or overlooked some important fact, or necessarily found some fact in favor of defendant which is wholly inconsistent with the verdict for any amount

in favor of the plaintiff, and it should therefore, be set aside even on the motion of defendant. [Powers v. Gouraud, 19 Misc. 268, 44 N. Y. Supp. 249.] The reasoning seems to be sound in logic in those cases where the sole issue is as to whether or not there is a contract between the parties, and, if so, stipulating a certain amount, which plaintiff is entitled to recover, if at all. In such cases where the contract is wholly denied, it seems to be a just doctrine which permits the defendant to insist upon his right to have the jury respond to the precise issue, for unless there is a contract for the full amount, there is no right to recover at all. The judgment should be reversed and the cause remanded. It is so ordered. All concur.