## LEE T. WITTY et al., Respondents, v. WILLIAM SALING et al., Appellants.

### St. Louis Court of Appeals, March 1, 1913.

1. **VERDICT: Responsiveness to Issues: Amount of Recovery: Pleading: Variance.** In an action to recover a specified amount for the performance of services, in accordance with the stipulations of an express contract, where defendant denied that he was bound by the contract or owed plaintiff anything, a verdict in favor of plaintiff for less than the stipulated amount cannot stand, and the fact that the verdict might be for the proper amount under a theory developed by defendant's evidence would not alter the situation, since the petition did not count, nor was the case submitted, on any such theory.

2. **APPELLATE PRACTICE: Inadequacy of Relief to Respondent: Right of Appellant to Complain.** Where, under the issues, the verdict, if for the plaintiff, must be for a certain amount, and a verdict is rendered for a smaller amount, the defendant is entitled to have it set aside on appeal, although the plaintiff is willing to abide by it.

3. ——: **Binding Effect of Supreme Court Decisions.** The Courts of Appeals are bound by the rulings of the Supreme Court.

Appeal from Scotland Circuit Court.—*Hon. Charles D. Stewart,* Judge.

REVERSED AND REMANDED.

*N. M. Pettingill* and *Smoot & Smoot* for appellants.

The petition declares upon an express written contract executed by William Saling, and alleged to have been ratified by his codefendant, Martha A. Saling, by which defendants were to pay as commission the sum of one thousand dollars, and afterwards alleged to have been modified by parol by being reduced exactly two hundred and fifty dollars, leaving the amount seven hundred and fifty dollars sought to be recovered. The evidence all showed that the defendants were indebted to plaintiffs in the exact sum of seven and fifty dollars or nothing. The verdict of the jury for $500 was in no way responsive to the pleadings, the issues, the testimony or the instructions of the court. It cannot be upheld upon any theory of fact or law claimed by either party to the suit and should not be permitted to stand. Real Estate Co. v. Pemberton Investment Co., 150 Mo. App. 626; Cole v. Armour, 154 Mo. 333.

*J. M. Jayne* for respondents.

STATEMENT.—This is a suit for commissions alleged to have been earned by plaintiffs in negotiating a sale of real estate. Plaintiffs are partners engaged in the real estate business in Memphis, Missouri. The defendants are husband and wife, and the action is for a broker's commission for finding a purchaser for a farm belonging to the defendant Martha Saling, under an express contract executed by the defendant William Saling, and which plaintiffs claim was ratified and acquiesced in by the defendant Martha Saling, who held the title to the property. The contract in question was executed on September 19, 1910, and gave to plaintiff Witty an exclusive agency to sell the farm for a term ending January 1, 1911. Plaintiff McCandless afterwards became a partner with Witty and en-

titled to one-half of the benefits to be derived from the contract. The contract provided that the farm in question, consisting of two hundred acres, was to be sold at the price of eighty dollars per acre, the agent to receive $5 per acre as a commission, a total of $1000, if sold at this price; if sold for a higher price, the agent, in addition to the stipulated commission, was authorized to retain everything above the price of $80 per acre.

The petition is in two counts, each stating the same cause of action in different phraseology, and in each of which the contract is pleaded in substance and legal effect, and in each the plaintiffs aver that they produced a purchaser, one J. Y. Phillips, ready, able and willing to take and pay for said farm at the said price of $80 per acre, but that the defendants failed and refused to perform the contract on their part and to sell said property. It is further averred in each count that after the execution of the written contract, aforesaid, it was modified by a parol agreement whereby it was agreed that if plaintiffs sold the farm for the said price of $80 per acre their commission would be reduced by $250, so that they would receive $750 instead of $1000 for consummating the sale. In each count plaintiffs pray judgment for the sum of $750.

The answer admitted that defendants were husband and wife, and denied generally all of the other allegations of the petition.

The cause was tried before the court and a jury. Plaintiffs offered in evidence the written contract executed by defendant William Saling, and produced testimony tending to show that the defendant Martha Saling had ratified and asquiesced in the same, after knowledge of its execution and terms. Plaintiff's evidence further tended to show that they had produced a purchaser for the property, who was ready, willing and able to purchase and pay for the same but that defendants had refused to consummate the sale. The

evidence on behalf of the defendants was directed in the main to an attempt to show that defendant William Saling did not know the contents of the contract when he signed it; that he did not have his glasses at the time, and thought that it was like a former contract that he had had with plaintiff Witty; that defendant Martha Saling had never seen the contract and did not know what it was; that she had not agreed to sell the farm upon the terms specified in the contract, nor to pay the commission therein provided to be paid. On cross-examination of defendant Martha Saling, she testified that about the end of October or the first of November, 1910, she entered into a contract to sell the farm in question to one Grimes Carder at $85 per acre, and that after this she came to plaintiffs to try to get them to deliver up their contract to her.

The cause was submitted to the jury upon instructions, thirteen in number, nine of which were given at request of plaintiffs and four at the request of the defendants. Four instructions requested by defendants were refused by the court. The jury found a verdict for plaintiffs in the sum of $500, judgment was entered accordingly, and the defendants appealed.

ALLEN, J. (after stating the facts).—The verdict cannot be allowed to stand. Plaintiffs sued upon an express contract. By the terms of the writing itself, they were to receive $1000, as commission, in case they procured a purchaser ready, willing and able to purchase the property at the price stipulated in the contract. It was averred that the written contract was, subsequent to its execution, modified by parol so that plaintiffs' commission was to be reduced to $750, and proof was offered to sustain these averments of the petition. Plaintiffs pleaded this contract, as modified by the subsequent parol agreement, averred that they had completely performed the contract on their part by producing a purchaser ready, willing and able

to purchase and pay for the property, and plaintiffs' testimony all went to sustain these allegations of the petition. On the other hand, the defendants denied that they were bound by the contract, and denied that they owed plaintiffs anything whatsoever. The issue thus made was the only issue tried in the lower court, and manifestly the jury was bound either to return a verdict for plaintiffs for the full amount of $750 claimed by them or for nothing. The verdict of the jury for $500 is not responsive to the pleadings, and is in the very teeth of the instructions given by the court.

In Weisels-Gerhardt R. E. Co. v. Pemberton Ins. Co., 150 Mo. App. 626, 131 S. W. 353, there was a like verdict in a suit of exactly this character, namely, for a broker's commission for the sale of real estate. This court speaking through NORTONI, J. said: "The instructions submitted to the jury the question as to whether or not the contract for commissions was made, and the jury were directed that in the event of a finding for plaintiff the verdict should be for $6200. Though the jury found for plaintiff, it awarded him a recovery of $3100, only, or, in other words, precisely one-half the amount sued for. Defendant insists that the verdict should be set aside for the reason it is not responsive to the issue in the case and for the further reason that it discloses on its face the jury acted arbitrarily in the premises and in utter disregard of the evidence and instructions of the court. As a general rule, one is not entitled to a reversal of the judgment because it is more favorable to him than the case asserted in the trial court justifies. [2 Ency. Pl. and Pr., 527.] In keeping with this general doctrine it has been several times decided in this State that a judgment should not be reversed on appeal for the reason it appears to be for a much smaller sum than the plaintiff insists was due on the theory advanced for a recovery. The following cases will illustrate: Alderman v. Cox, 74 Mo. 78; Gaty v. Sack, 19 Mo. App.

470; Gifford v. Weber, 38 Mo. App. 595; Chinn v. Davis, 21 Mo. App. 363; Crigler v. Duncan, 121 Mo. App. 381, 99 S. W. 61. But in all of these cases the issues were such as to warrant the jury in reckoning with the equities involved and it seems the verdicts were awarded accordingly. . . . The Supreme Court has conclusively settled the question so far as we are concerned in Cole v. Armour, 154 Mo. 333, 66 S. W. 476. The case mentioned is directly in point and under the Constitution it is controlling authority here."

It is earnestly insisted however by respondent that the verdict should be permitted to stand for the reason that there was a clause in the contract whereby it was agreed that in the event the owner should sell the farm to any person not procured by plaintiffs, then plaintiffs were to receive one-half of the specified amount of commission; that defendant Martha Saling testified that she had sold the farm to one Grimes Carder with whom the plaintiffs had nothing to do, and that therefore the jury might well have found that plaintiffs were only entitled to one-half of the commission specified in the written contract, to-wit, $500. This contention is without merit, for the reason that no such issue as this was made by the pleadings, and the cause was not tried upon any such theory below. The petition counts upon the written contract, as modified by the parol agreement, and avers in positive terms that the plaintiffs sold the property to one J. Y. Phillips, and that plaintiffs thereby became entitled to recover the sum of $750, the said agreed amount to be paid them as commission. There is not a word to be found in the petition predicating any right to recover upon a sale of the property made by the owner to some purchaser found by her, and no such issue was tried. The instructions given on behalf of plaintiff directed the jury to find a verdict for plaintiff for $750, in the event that they found facts justifying a recovery by plaintiff at all.

Respondent further urges that the appellants should not be heard to complain that the verdict rendered against them was not as large as it should have been, so long as plaintiffs are willing to abide by it. This contention is disposed of by what we have quoted from the Weisels-Gerhardt case, supra. It was not a case in which the jury might exercise a discretion as to the amount of its verdict. Plaintiffs were either entitled to the amount agreed upon as commission or they were entitled to nothing. There is clearly no middle ground which the jury may take, in an attempt to do "rough justice" between the parties.

While it may seem a hardship upon plaintiffs to deprive them of the benefit of a verdict for less than they sue for, when they are willing to accept the amount thereof, we are bound by the ruling of the Supreme Court and cannot allow the verdict to stand.

It is unnecessary to notice the other assignments of error. The judgment of the circuit court is reversed and the cause remanded. *Reynolds, P. J.,* and *Nortoni, J.,* concur.