Blakely v. Miller.

---

J. T. BLAKELY, Respondent, v. R. M. MILLER, Appellant.

Kansas City Court of Appeals, June 1, 1914.

REAL ESTATE BROKERS: Commission. The plaintiff was employed by defendant to find a buyer, either for cash or exchange, for a farm described as consisting of 1000 acres. Plaintiff found a buyer who was ready and willing to take the de-

fendant's farm and entered into a contract for an exchange of properties. The defendant refused to perform the contract and it was rescinded by agreement because it was discovered that the farm contained only 600 acres. The plaintiff sued for his commission of $1 per acre, but received a verdict for only $600. *Held*, that a party will not be heard to complain in the appellate court that the verdict rendered against him was not as large as it should have been.

Appeal from Jackson Circuit Court.—*Hon. D. E. Bird*, Judge.

AFFIRMED.

*H. L. Green* for appellant.

In a suit on special contract a verdict of the jury, which on the face of it attempts to deal rough justice, should be set aside and a new trial granted. Cole v. Armour, 154 Mo. 333; Witty v. Saling, 171 Mo. App. 574; Weisels-Gerhardt v. Ins. Co., 150 Mo. App. 626.

*Frank Yeoman* for respondent.

JOHNSON, J.—This is an action for the recovery of a real estate agent's commission. The petition alleges that defendant, who lives in Kirksville, employed plaintiff, a broker in Kansas City, "to find a buyer either for cash or exchange" for a farm of 1000 acres owned by defendant in Phillips county, Arkansas; that defendant agreed to pay a commission of one dollar per acre for any of the said lands so sold or exchanged through the efforts of plaintiff; that plaintiff found a purchaser who was ready, able and willing to take the property on the proposed terms and that defendant refused to comply with the contract. The prayer is for judgment in the sum of $1000. The answer is a general denial. The jury returned a verdict for plaintiff for $600 and defendant appealed from the judgment rendered thereon. A reversal is asked on the ground

that the verdict and judgment are not responsive to the issues made by the pleadings and evidence.

Defendant wrote plaintiff a letter enclosing a descriptive list of properties he owned and desired to sell or exchange and stating that he "would be willing to pay one dollar per acre commission on any of them." The Arkansas farm was listed and described as consisting of 1000 acres of land bordering on the Mississippi River but above the high water plane and not subject to overflow. Plaintiff found a buyer who was ready, willing and able to take this farm and who entered into a contract with defendant for an exchange of properties. Afterward defendant refused to perform the contract and it was rescinded by agreement. The refusal resulted from the discovery that the farm contained only 600 acres instead of 1000 acres as represented.

The contention of defendant is that the employment of plaintiff was under a special contract which fixed the commission at $1000, no more and no less, and that consequently the verdict, if for plaintiff, should have been for that sum and not for less.

The general rule is that a party will not be heard to complain in the appellate court that the verdict rendered against him was not as large as it should have been (Cement Co. v. Bruce, 160 Mo. App. l. c. 255). As we observed in that decision an exception to this rule is found in cases where the issue is contract or no contract and the alleged contract unalterably fixes the measure of liability.

The cases relied upon by defendant (Cole v. Armour, 154 Mo. 333; Witty v. Saling, 171 Mo. App. 574; Weisels v. Investment Co., 150 Mo. App. 626) fall under the exception to the general rule, since in each of them the contract in controversy, unalterably fixed the measure of liability and the pleadings and evidence afforded no substantial basis for the action of the jury in returning a verdict for a less sum. In the present

case the contract did not deal so inflexibly with the measure of liability in the event of a breach by defendant. The stipulated commission was not the lump sum of $1000 but was clearly made dependent as to its gross amount upon the actual acreage of the land. The inference is unavoidable that in fixing the commission at one dollar per acre defendant acted advisedly and with the purpose of saving on the commission should it turn out (as it did) that the farm did not contain the represented acreage. The case being governed by the general rule, the verdict and judgment are responsive.

Affirmed. All concur.