CABOOL NATIONAL BANK, Respondent, v. JAMES McDOWELL, Appellant.

Springfield Court of Appeals, November 5, 1914.

1. **APPELLATE PRACTICE: Smallness of Judgment: Theory of Complaint.** Appellant cannot be heard to complain of the smallness of the judgment against him yet he may be heard to say that the amount indicates a wrong theory for its basis and thereby deviates from the issues.

2. ———: ———: **Appellant's Evidence as Supplemental.** Appellant assigned as error that the smallness of the judgment ren-

dered against him showed that it was rendered on a theory which was wrong because not authorized by plaintiff's evidence. Such assignment is not tenable where the judgment was authorized by a theory deducible from his own evidence.

Appeal from Texas County Circuit Court.—*Hon. L. B. Woodside,* Judge.

AFFIRMED.

*Hiett & Scott* and *W. E. Barton* for appellant.

(1) While it is a rule that appellant cannot ordinarily complain because respondent did not obtain so large a judgment as he might have done; yet "an exception to this rule is found in cases where the issue is contract or no contract and the contract asserted to be existent unalterably fixes the measure of liability." And in such cases a verdict in favor of plaintiff for less than the stipulated amount cannot stand. Cement Co. v. Bruce, 160 Mo. App. 246, 255; Cole v. Armour, 154 Mo. 333; Real Estate Co. v. Investment Co., 150 Mo. App. 626; Witty v. Saling, 171 Mo. App. 274. (2) The rule that a plaintiff cannot sue on one cause of action and recover upon another applies with all its rigor where suit is brought on an express contract and recovery is sought on a *quantum meruit.* Veatch v. Norman, 109 Mo. App. 387, 394; Davis v. Drew, 132 Mo. App. 503; Mansur v. Botts, 80 Mo. 651.

*Lamar, Lamar & Lamar* for respondent.

(1) It will be noted that each of the four cases cited by appellant in the third subdivision of his brief, were cases tried by a jury. It is doubtful if the doctrine announced in these cases would be applied where the case was tried by the court, under the well-known rule that a party will not be heard to complain that a finding against him was not for enough. Alderman

v. Cox, 74 Mo. App. 78. (2) While it is true the court first asked about the value of the property, and what defendants realized out of it, the defendant at once adopted this line of questioning, acquiesced in this theory of the case, and following it up by presenting their defense on this theory and inviting the court to decide it on such issue. A party cannot change front in the appellate court. He is estopped to question the theory which he himself adopted, or acquiesced in, below. Finkelnburg's Appellate Practice, p. 154; Carlan v. Haynes, 74 Mo. App. 34; State ex rel. v. Yates, 231, Mo. 292; Bank v. Zook, 133 Mo. App. 603; Cameron v. Squires, 174 Mo. App. 272; Griffith v. Wilson, 156 S. W. 23; Hill v. Meyer Bros., 140 Mo. 433; Barr v. Hayes, 172 Mo. App. 600; Distilling Co. v. Wilson, 172 Mo. App. 619; Hume v. Hale, 146 Mo. App. 659; Manzke v. Goldenburg, 149 Mo. App. 13; Hogan v. Brady, 155 Mo. 659; Cady v. Coates, 101 Mo. App. 149; Daugherty v. Gangloff, 239 Mo. 660; Perry v. Sedalia, 168 Mo. App. 240; Riggs v. Railroad, 261 Mo. 319; Krebs v. Construction Co., 141 Mo. 652.

ROBERTSON, P. J.—One J. H. Martin owed the plaintiff $500 and while so indebted he conveyed to defendant, and another, a tract of land in Texas county and as a part of the consideration therefor defendant, at that time cashier of plaintiff's bank, according to plaintiff's petition and contention at the trial, agreed to pay said indebtedness. The defendants answered with a general denial and a plea that the said tract and other land was conveyed to them to secure them as sureties of Martin on indebtedness to other parties and to pay the other defendant an attorney's fee of $500. This action was brought against defendant and the other grantee to recover judgment for the amount due plaintiff from Martin. A jury was waived, a trial had by the court, judgment entered discharging the other grantee and against McDowell for $200.

There was no finding of facts, neither were there any declarations of law asked or given. Defendant has appealed and assigns as error that there is no evidence on which to base the judgment and that it is not responsive to the pleadings in that the action is on contract and the finding is on the theory of an implied trust.

The plaintiff's testimony is to the effect that defendant McDowell, then its cashier, agreed unequivocally at and before the conveyance of the land to him by Martin, to pay to plaintiff Martin's note to it, which testimony is sufficient to sustain a judgment for $500 against him. Defendant McDowell testified that he, being a surety on other indebtedness of Martin, took the conveyance to secure himself and agreed only that if he realized any sum over and above the amount for which he was surety for Martin he would pay it to plaintiff on Martin's note to it, and that he did sell the land and realized less than he was compelled to pay as surety for Martin. McDowell now asserts that since the court found for plaintiff for only $200 the conclusion must have been reached on the theory that defendant's testimony was believed and the court rendered judgment against defendant for the amount the court found he realized after paying the amount he was liable for on the other indebtedness of Martin and cites Cement Co. v. Brice, 160 Mo. App. 246, 255, 142 S. W. 783; Cole v. Armour, 154 Mo. 333, 55 S. W. 476; Real Estate Co. v. Investment Co., 150 Mo. App. 626, 131 S. W. 353, and Witty v. Saling, 171 Mo. App. 574, 154 S. W. 421. The *Cole* case is controlling authority for the holding that while as a general rule an appellant cannot be heard to complain of the smallness of the judgment against him yet he may be heard to say its amount indicates a wrong theory for its basis and thereby deviates from the issues. There was testimony of McDowell's codefendant which tended to prove that his interest in the property was reasonably

worth $200 more than he was required to pay as surety for Martin. This testimony, as well as the testimony by and in behalf of McDowell as to his agreement, was admitted without objection. This gave the trial court no doubt the idea of adjusting the controversy by giving plaintiff judgment for only what defendant McDowell may have realized from the transaction. McDowell was willing at the trial that the court should not adopt the plaintiff's testimony as true, and since the trial court may have accepted his testimony as true and acted thereon this case is distinguishable from the *Cole* case wherein it is stated relative to the verdict that there was "not a particle of evidence in the case which supports or even suggests such an amount."

The judgment should be and is affirmed. *Sturgis* and *Farrington, JJ.,* concur.

