ORA E. SHOEMAKER, Respondent, v. A. A. JOHN-
SON, and FIRST NATIONAL BANK OF AP-
PLETON CITY, MISSOURI (Defendants) ; FIRST
NATIONAL BANK OF APPLETON CITY, MIS-
SOURI, Appellant.

Springfield Court of Appeals, June 25, 1918.

1. **CONTRACTS: Pleading: Verdict.** The law has been definitely
written that in an action on an express contract the issue raised
by the answer denying the contract is whether there was a contract,
so that plaintiff, if entitled to recover, is entitled to recover the
specified sum and that a verdict for less than the specified sum
would be set aside on appeal, because it does not respond to the
issue which was made on the trial of the cause.

2. **COMMON COUNTS: Quantum Meruit.** Proof of a special contract
will support an action based upon one of the common counts for
a sum not in excess of that named in the contract, but under no
circumstances or conditions have the courts permitted a recovery
on the *quantum meruit* where the sole cause of action is based on
express contract.

3. **VERDICTS.** Where the evidence is uncontradicted as to the amount
plaintiff ought to recover, if entitled to recover at all, a verdict
for a different sum, or amount, will be set aside on appeal.

4. **PRESUMPTIONS.** Presumptions control only in the absence of
facts.

5. **VERDICTS.** A verdict out of accord with the pleadings and evi-
dence will be set aside on appeal.

6. **MOTION FOR NEW TRIAL.** Objection to a verdict, in a motion
for a new trial, on the ground that it was not responsive to the
instructions is sufficient to raise the point for review that the
verdict was against the issues tendered by the pleadings and against
the evidence.

Appeal from St. Clair Circuit Court. —*Hon. C. A.
Calvird*, Judge.

REVERSED AND REMANDED.

*Hargus & Johnson* for appellant.

*L. E. Crook, J. E. Crook, Waldo P. Johnson* and
*John A. Galbreath* for respondent.

200 M. A.—14

FARRINGTON, J.—The respondent brought suit against A. A. Johnson and the First National Bank of Appleton City, Missouri, and recovered a judgment against the bank from which it appeals.

The petition on which the plaintiff based his cause of action is as follows: (Formal parts omitted.)

"Plaintiff for his cause of action states that he is engaged in farming and in connection therewith sells, trades and exchanges real estate for others and acts as agent therefor; that the First National Bank of Appleton City, Missouri, is a corporation organized and existing under the laws of the United States, and has its place of business at Appleton City, Missouri; that on or about the 5th day of December, 1916, defendants employed plaintiff to sell or exchange a tract of land consisting of about 520 acres, known as the J. D. Parks farm, located in Sections 1, 2, 11 and 12, in Township 38, of Range 27, St. Clair County, Missouri, and agreed to pay plaintiff for his services the sum of one dollar per acre, or an aggregate of five hundred twenty dollars, and also then and there agreed to pay the said sum of one dollar per acre to plaintiff if he would give information to defendants as to any person who would buy said land or exchange a smaller farm paying the difference for the larger tract belonging to defendant, the First National Bank of Appleton City, Missouri, and in pursuance of such promise and agreement on the part of defendants than and there, he, plaintiff, gave to defendants the name of James T. Shoemaker as the owner of 80 acres of land and who had sufficient money to pay the difference and who was desirous of securing a larger tract, and defendants then and there agreed that they would go and see him, and that if they consummated the deal by the exchange aforesaid, they would pay the plaintiff for his services the sum aforesaid; and that, after they then and there obtained such information and knowledge from plaintiff, under said promise to pay, the defendants went immediately thereafter and approached James Shoemaker and made an exchange for his 80 acres of land

for the 520 acres and a large sum of money as the difference in the two tracts, and that defendants thereafter failed, neglected and refused to pay plaintiff for his services or for the information.

"Wherefore, plaintiff prays judgment in the sum of five hundred twenty dollars, together with his costs."

The answer admitted that defendant bank was a national banking corporation organized under the federal banking laws, and denied each and every other allegation in the petition.

No evidence is brought here in the bill of exceptions, but the statement is made in the bill of exceptions that the plaintiff introduced evidence tending to support the issues pleaded on his part, and that the defendants introduced evidence which tended to support the issues pleaded on their part.

The following instruction was given by the court at the instance of the plaintiff:

"The court instructs the jury that if you find and believe from the preponderance of the evidence that A. A. Johnson was a stockholder and a director of the First National Bank of Appleton City, Missouri, and was authorized by said bank to sell their 520 acres of land known as the J. D. Parks place, and that on the 5th day of December, 1916, they told the plaintiff, Ora E. Shoemaker that if he would give them the name of a person who is willing to buy the farm or who would exchange a smaller farm and pay the difference in money for the same, that they would pay him one dollar per acre therefor in case the sale was made to such person, and that then and there, in consideration of such promise, plaintiff did disclose to A. A. Johnson the name of James Shoemaker as a probable buyer, and the said Johnson accepted the same, and in pursuance of such information did open up negotiations with the said James Shoemaker for the said land and consummated a deal therefor, then, in such event, the plaintiff is entitled to recover against the First National Bank of Appleton City even though said Johnson

conducted the deal himself between the bank and Shoemaker, and if you so find your verdict will be for the plaintiff in whatever sum you find he then and there agreed to pay the said Ora E. Shoemaker, not to exceed five hundred twenty dollars.''

The court also instructed the jury that under the evidence in the case their verdict would be for the defendant A. A. Johnson.

The court then gave the following instruction of its own motion:

''The jury are instructed that before you can find for the plaintiff as against the defendant bank, you must find from the evidence that A. A. Johnson, agent for the bank, agreed to pay the plaintiff one dollar per acre, that plaintiff disclosed to him a purchaser for the farm in question, and the plaintiff named James Shoemaker as a probable purchaser, and that said Johnson accepted the name of James Shoemaker as a probable purchaser and relying on such information furnished by plaintiff entered into negotiations with the said James Shoemaker, which resulted in a sale of said farm to said Shoemaker.''

It is unnecessary to set forth the other instructions as no question is raised concerning them.

The jury returned the following verdict: ''We, the jury, find for the plaintiff, against the defendant, the First National Bank of Appleton City, Missouri, in the sum of one hundred ($150) dollars.'' The judgment was entered for $150 instead of for $100.

In the motion for a new trial the appellant herein, among other grounds, alleged that the court erred in giving the first instruction requested by the plaintiff (first above quoted), and that the court erred in giving the instruction above quoted which was given of the court's own motion, and ''that the verdict is not responsive to the instructions and does not determine all the issues in the case.''

The principal point urged on this appeal is that this action is shown by the petition and by the instructions to have been based on an express contract

and that a verdict was allowed to stand which plainly could not be reconciled with a finding that the alleged contract was made or breached, but that the verdict was the result of an arbitrary finding or an attempt on the part of the jury to do justice between the litigants regardless of the pleadings, evidence and instructions. It is stated in the bill of exceptions that the plaintiff's evidence tends to support the issues *pleaded* on his part. The petition clearly and unmistakably based the action on an express or special contract which was that the defendant agreed to pay the plaintiff one dollar per acre for the sale or exchange of 520 acres and that a sale and exchange had taken place by virtue of plaintiff's efforts entitling him to one dollar per acre for each acre transferred, and, so far as the record before us discloses, there is no dispute that it was 520 acres, nor is there any evidence whatever of there being any dispute about the price per acre which was to be paid. The record presented does and can indicate but one proposition and that is that there was a dispute over the fact whether defendants made the contract set up and relied upon for recovery by the plaintiff. If such contract was made—and there is no question but what there is some evidence tending to establish this—plaintiff was entitled to one dollar per acre, or $520, and nothing else, having based his action on express contract. If such a contract was not made—and there was some evidence, according to the record before us, tending to show that it was not made—plaintiff was entitled to recover nothing in this form of action. The law has been definitely written and recently followed in this State on this question that in an action on an express contract for a specified sum the issue raised by the answer denying the contract is whether there was a contract, so that plaintiff, if entitled to recover, is entitled to recover the specified sum, and that a verdict for less than the specified sum would be set aside on appeal because it does not respond to the issue which was made in the trial of the cause. [Cole

v. Armour, 154 Mo. 333, 55 S. W. 476; Witty v. Saling, 171 Mo. App. 574, 154 S. W. 421; Morey v. Feltz, 187 Mo. App. 650, 173 S. W. 82; Weisels-Gerhardt Real Estate Co. v. Pemberton Inv. Co., 150 Mo. App. 626, 131 S. W. 353; St. Paul Machinery Mfg. Co., v. Henry Gaus & Sons Mfg. Co.,—Mo. App—, 200 S. W. 89.]

It has been often held in this State that while proof of a special contract would support an action based on one of the common counts for a sum not in excess of that named in the contract, under no circumstances or conditions have the courts permitted a recovery on the *quantum meruit* where the sole cause of action is based on express contract. [Stanley v. Whitlow, 181 Mo. App. 461, 168 S. W. 640; Michael v. Kennedy, 166 Mo. App. l. c. 466, 148 S. W. 983; Quigley v. King, 182 Mo. App. 196, 168 S. W. 285; El Paso Milling Co. v. Davis,—Mo. App.—, 183 S. W. 361.]

Respondent finds fault with the rule as laid down in Cole v. Armour, supra. This is a matter which concerns the Supreme Court and not the Court of Appeals which must follow that decision.

He also cites in support of his judgment the case of Blakely v. Miller, 180 Mo. App. 389, 168 S. W. 1136 which opinion, on examination, shows clearly that it upholds the doctrine laid down in Cole v. Armour, and finds that the contract was so much per acre and not so much money in a lump sum. The judgment found gave plaintiff a judgment for the amount which the express contract gave him per acre.

Respondent also cites Western States Portland Cement Co. v. Bruce, 160 Mo. App. 246, 142 S. W. 783, but in that case the court in the course of the opinion said: "The contract, by its terms, does not definitely and unalterably fix the *quantum* of damages recovered for its breach by the vendor."

We are likewise cited the case of Cabool National Bank v. McDowell, 184 Mo. App. 567, 170 S. W. 682. On reading that opinion it is seen there was evidence in the record supporting the amount recovered on the suit actually filed.

Shoemaker v. Johnson et al.

On examining the two instructions in this case it is clear that the court was directing the jury to find whether or not the contract set up in the petition had been entered into between the parties. Instruction No. 1 requires that the jury find the essential elements necessary to be found concerning the express contract and then expressly advises the jury that if they find these facts, which would entitle plaintiff to the sum of $520, they may find for plaintiff in whatever sum they found had then and there been agreed on to be paid not to exceed $520. In one part of the instruction the court requires the jury to find that the defendants were to pay the plaintiff one dollar per acre for the sale of 520 acres of land before they could find the issues for the plaintiff, and then permits the jury in the latter part of the instruction to return a verdict for such an amount, not to exceed $520, that they found was agreed on between the parties. This is somewhat confusing, but the instruction given by the court of its own motion clearly marked the issues in the case which told them that before they could find for the plaintiff against the bank they must find that the defendant had agreed to pay plaintiff one dollar per acre. Now, as stated before, there is no dispute about the number of acres on which the pay was to be based. There is no dispute about whether it was one dollar, fifty cents, twenty-five cents, or any other sum per acre, that was to be paid. The only dispute and the only issue as disclosed in the record before us was whether there was any such special contract made at all. In order for the jury to have found for the plaintiff and against the defendant bank they must have found under the instructions that the bank promised to pay one dollar per acre for the sale or exchange of 520 acres and that the 520 acres had been exchanged and that the plaintiff had fully complied with his agreement, yet the amount allowed in the verdict is illogical and contradicts the finding because it only allows the sum of $150, which, under no process of reasoning could be found to respond to the amount due in case

the special contract was made and breached. The cases cited clearly hold that verdicts rendered in such a way are not permitted to stand in this State, the principal reason for this being that juries will not be permitted to do indirectly that which the law prohibits doing directly, the law being well settled that a recovery will not be permitted on the *quantum meruit* where the suit is based on an express contract, and to permit a verdict to stand which allows an amount which could only be attributed to arbitrary action or an attempt to compensate a plaintiff who might have a cause of action had he sued on a *quantum meruit* would be to violate the principles of law hereinbefore enunciated.

It is no answer—in trying to reconcile the verdict in this case with the petition and evidence and instructions—to say that the court did require the jury to find on the special contract in the instructions and that they did so find, because the amount of the finding contradicts any presumption that they did find on the special contract. Presumptions control only in the absence of facts. In this case, can this court presume that the jury followed the instructions and found for the plaintiff on the special contract with the facts staring the jury in the face upon which they could not have found on the special contract under any logical or reasonable ground and placed the damages at $150? To permit this verdict to stand on the record before us allows a plaintiff to base his action upon a special contract, try the case as on a special contract, compel the defendant to try the case defending nothing but a special contract, and then, after the evidence is all in, allows the plaintiff to shift positions and permits a verdict on a *quantum meruit* to stand. No other reasonable conclusion can be drawn than that the jury did measure the damages as on a *quantum meruit*. If the plaintiff was willing to stand on the case he pleaded and introduced proof on, the only theory on which he could ask a sum less than $520 would be that he was apprehensive that the jury might not find for him on his special contract—might not find that he had

been contracted with in the sum of $520—and with the evidence introduced that he had done some work which benefited defendant in making the sale, he ought to be given some compensation or a reasonable compensation for his service, and therefore he asked the first instruction quoted leaving it to the jury that the amount of his recovery must not exceed $520, which can mean nothing more or less than this: You may allow such sum, not to exceed $520, which to you appears to be just and reasonable (the rule for measuring damages in actions on the *quantum meruit*) for the service shown to have been rendered by plaintiff. This is unfair to the defendant, because, as stated, it permitted a recovery of the reasonable value of plaintiff's services when no such action was brought or proven, and further unfair to him because he is led into a suit by a petition, driven along in the suit by evidence, and then, after the case is closed is required to stand for a verdict which is in no way responsive to either his theory or that of the plaintiff. If we are to take the abstract before us as to the character of evidence that was introduced we can say there was evidence of but one measure of compensation offered by the plaintiff —that is, that he was to be paid one dollar per acre for the sale of 520 acres, and how any one can say that the verdict is responsive to a theory, supported by all the evidence introduced by the plaintiff, that he had sold 520 acres and earned a commission of one dollar per acre, is beyond the comprehension of the writer, and the only logical conclusion is that the jury attempted to give plaintiff the reasonable value of his services which is a judgment on the *quantum meruit*, and this, under the law, is not permitted on a petition which seeks recovery solely on express contract.

No disposition was actually made in the verdict of the claim as against A. A. Johnson. On a re-trial there should be a verdict rendered as to this claim.

Much is said in respondent's brief concerning the failure of the appellant to raise the issue presented here in the motion for a new trial in the circuit court,

citing Polski v. City of St. Louis, 264 Mo. 458, 175 S. W. 197, and other cases. We have already set forth some of the grounds alleged in the motion for a new trial one of which was that the verdict was not responsive to the instructions. This seems clearly to indicate exactly the proposition that is urged in this court.

The judgment is reversed and the cause remanded for a new trial in accordance with the views herein expressed. *Bradley, J.,* concurs. *Sturgis, P. J.,* concurs in a separate opinion.