VROMANIA APARTMENTS COMPANY, Appellant,
v. O. H. GOODMAN, Respondent.

### St. Louis Court of Appeals, November 30, 1909.

1. **APPELLATE PRACTICE: Self-Invited Error.** A party cannot invite the trial court to submit a question to the jury, as though the evidence upon it was contradictory, and then obtain a reversal for error in submitting it.

2. **LANDLORD AND TENANT: Constructive Eviction: Untenantable Condition of Premises.** If the plaster on the walls and ceilings of rented premises was in such bad order as to interfere seriously and permanently with the beneficial use and enjoyment of the premises as a place of residence, there was an eviction, though the plaster did not actually menace the safety and lives of the tenants.

3. **TRIAL PRACTICE: Irregular Verdict: Power of Court to Request Further Deliberation.** If the verdict is irregular and unresponsive to the issues, the court may request the jury to deliberate further.

Appeal from St. Louis City Circuit Court.—*Hon. Jas. E. Withrow,* Judge.

AFFIRMED.

*Vital W. Garesche* for appellant.

(1) In the absence of an express undertaking to that effect, a landlord is not bound to keep the demised premises in tenantable repair, and it is no defense to a suit for rent agreed upon that the building had become dilapidated and unsafe so that tenant was compelled to leave it. Burnes v. Fuchs, 28 Mo. App. 279; Roberts v. Cottey, 100 Mo. App. 503; Johnson v. Snow, 102 Mo. App. 241; Rutledge v. Quinlan, 127 Mo. App. 419; Mfg. Co. v. O'Reilly, 197 Mo. 476. (2) A constructive eviction of the landlord by his tenant, which would warrant the latter in abandoning the premises and refusing to

pay rent, must be some act of a permanent character on the part of the landlord which would render the premises untenantable for the purposes for which they were leased. Inv. Co. v. Blumenfield, 118 Mo. App. 308. (3) The act constituting a constructive eviction must be the act of the landlord himself. No act beyond his control or not directly caused by him can be set up by the tenant as ground for attempting to break the lease. French v. Pettingill, 128 Mo. App. 156. (4) Although the landlord was in duty bound to repair the premises, he would have a reasonable time to do so, and if such repairs had been made or the cause of the annoyance removed at the time the tenant left the premises, the failure to do so in the original instance would not release the tenant from his obligation to pay rent. Heating & Plumbing Co. v. Oviatt, 60 Mo. App. 565. (5) Where a verdict is consistent and responsive to the issues, the court cannot reject it and refuse to record it, though it be clearly against the evidence and contrary to the law. State ex rel. v. Rombauer, 44 Mo. 590. (6) Where the verdict shows unmistakably that the jury was involved in error and confusion, a new trial will be ordered, although the trial court directed a reconsideration of such verdict, and the jury rendered a new one. Spring Co. v. Roth Tool Co., 103 Mo. App. 109.

*Robert L. McLaran* for respondent.

(1) The covenant for quiet enjoyment is always implied on the part of the lessor in every tenancy for a fixed period, however short. Taylor on Landlord and Tenant, p. 367, sec. 304; Maeder v. City of Carondelet, 26 Mo. 112; Hamilton v. Wright's Admr., 28 Mo. 199. (2) Any wrongful act of the landlord, either of omission or commission, which results in a substantial interference with the tenant's possession or enjoyment in whole or in part, constitutes a breach of the covenant for quiet enjoyment and is a constructive eviction. Tay-

lor on Landlord and Tenant, p. 377, sec. 309a; Investment Co. v. Blumenfield, 118 Mo. App. 308. (3) Where the landlord is under a duty to repair the premises, a breach of this duty as a result of which the premises become untenantable, constitutes an eviction and relieves the tenant from further liability for rent. Taylor on Landlord and Tenant, p. 374, sec. 309; Lawrence v. Burrell, 18 Abb. N. C. (N. Y.) 312; 18 Am. and Eng. Ency. Law, p. 231, and cases cited. (4) (a) Written instruments should be construed so as to give effect to the intention of the parties, and in ascertaining this intention, all parts of the agreement should be construed together and brought into harmony, and should be considered in the light of the facts and circumstances attendant upon its execution. Construction Co. v. Hayes, 191 Mo. 248; State ex rel. v. Burkhead, 187 Mo. 14; Wilson v. Wilson, 115 Mo. App. 641; Wall v. Casualty Co., 111 Mo. App. 504. (b) The court should look at the surrounding circumstances, the relations and occupations of the parties, the usage of business, and should adopt an interpretation most likely to give effect to the intention of the parties. Greason v. Railroad, 112 Mo. App. 116; Inlow v. Bybie, 122 Mo. App. 475. (c) A contract which is ambiguous in its terms may be interpreted by the construction which the parties have placed upon it. Comstock v. Flower, 109 Mo. App. 275; Ireland v. Spickard, 95 Mo. App. 53; Const. Co. v. Moss Tie Co., 185 Mo. 25. If the lease here involved be interpreted in accordance with these cardinal principles of construction, it clearly imposes upon plaintiff (the lessor) the duty of keeping the premises in repair. (5) Covenants in a lease may be implied where clearly within the intention of the parties. 1 Wood on Landlord and Tenant, p. 694. (6) A tenant is only bound to use ordinary care in his occupancy of the premises to make such repairs as may be caused by his misuse or neglect. Wood on Landlord and Tenant, sec. 367; St. Jos. and St. Louis v. Railroad,

135 Mo. 197; Hughes v. Anstone, 24 Mo. App. 637; United States v. Bostwick, 94 U. S. 66. (7) Appellant is in no position to complain of respondent's first instruction, even though it be erroneous. The instructions offered by appellant present the converse of this instruction, and any error, if error there be, is common to both. Smith v. Burrus, 106 Mo. 99; Thorpe v. R. R. Co., 89 Mo. 666; Davis v. Brown, 67 Mo. 313; Crutchfield v. R. R., 64 Mo. 255; Walker v. Robertson, 107 Mo. App. 571; Hewitt v. Price, 99 Mo. App. 666; Bloom-Collier Co. v. Martin, 98 Mo. App. 596; Fall v. Chapman, 66 Mo. App. 581; Lewis v. Humphries, 64 Mo. App. 466; Neudeck v. Grand Lodge, 61 Mo. App. 108; Huggard v. Ins. Co., 53 Mo. App. 98; Singer v. Dickneite, 51 Mo. App. 245; Hardwick v. Cox, 50 Mo. App. 509; Lafayette, etc., Assn. v. Kleinhoffer, 40 Mo. App. 388; Culver v. Railroad, 38 Mo. App. 130; Bybee v. Irons, 33 Mo. App. 659. (8) Where the jury returns a verdict not responsive to the issues and inconsistent with the court's instructions, the court is justified in refusing to accept the verdict and sending the jury back for further deliberation. Ver Steeg v. Paint Co., 106 Mo. App. 257; Hill v. Bank of Seneca, 100 Mo. App. 230; State v. Miles, 199 Mo. 530; Hory v. Speer, 120 Mo. App. 556. (9) A judgment which is manifestly for the right party will not be reversed for technical error. Railroad v. Sloop, 200 Mo. 198; Levels v. Railroad Co., 196 Mo. 606; Foster v. Railroad Co., 112 Mo. App. 67; Ins. Co. v. Mattson, 100 Mo. App. 316; Grocery Co. v. Grossman, 100 Mo. App. 338.

GOODE, J.—Plaintiff corporation owns a large apartment building in the city of St. Louis, in which, by a lease dated October 15, 1906, it let to defendant a first-floor suite or apartment for five years from said date, at a rental of one hundred dollars a month in advance. At that time the building had just been completed. Defendant occupied the apartment in comfort

until some time in the ensuing February, when the plaster on the ceilings and walls began to crack and give way.  He called the attention of plaintiff's vice-president to the faults, which progressively grew worse until, in the spring, the cracks had widened and lengthened, so large pieces of plaster dropped off and other parts bulged from the lath without dropping off.  One piece struck defendant's wife as it fell.  Defendant complained of this condition of the walls and ceilings to the vice-president and conversations took place between them about repairing the plaster, whether the defendant should remain in the rooms while it was repaired, or should remove to another suite meanwhile, and if he did, what concessions ought to be made to him for the inconvenience and discomfort he would undergo.  Nothing was agreed to, plaintiff's vice-president said, because defendant would neither consent to remain in the rooms while they were being replastered, nor move into another suite on reasonable terms; that he was unwilling to remain in the suite while repairs were being made and unwilling to move into another suite on the third floor unless he was given a month's rent and the meals for himself and family.  Defendant testified plaintiff's vice-president referred him to the manager of the building for an arrangement; he notified the manager he intended to move out the first of June, and the manager agreed he might, saying it would be no trouble to relet the apartment.  Defendant moved out on June 3d.  The present action was instituted for the rent for June, and afterwards two other actions were instituted for the rent for July, August and September.  These cases were consolidated and subsequently were taken by appeal from the justice's court to the circuit court.  Before the trial in the latter court, defendant offered in writing to permit plaintiff to take judgment for $10 and accrued costs, at the same time depositing the amount

of the offer.    This proposition was made because defendant admitted owing rent for the first three days in June, as he vacated on June third.    The offer was declined and a jury trial followed.    The jury returned a verdict in the following form:

"We, the jury in the above cause, find in favor of the plaintiff on the issues herein *found* and assess its damages at the sum of one hundred dollars.
    P. J. McNAMARA, Foreman."

Upon reading the verdict the court remarked it appeared not to be a proper one, told the jury to read the instructions of the court again and go out and deliberate further, giving them a blank form of verdict. An exception was saved to the action of the court. After further deliberation the jury returned a verdict, finding in favor of plaintiff on the issues joined and assessing its damages at ten dollars. Judgment was entered accordingly and plaintiff appealed.

The main error assigned relates to an instruction given at defendant's request, wherein the jury were told if they found the premises were in good and safe condition when let, and afterwards while occupied by defendant and his family as a residence, plaintiff caused and permitted the plaster on the walls and ceilings to crack and loosen so it threatened to fall, and to such an extent as seriously interfered with the beneficial enjoyment of the premises by defendant and his family as a residence, and rendered the rooms unfit for comfortable use as a residence, that plaintiff failed and refused to repair within a reasonable time and defendant abandoned the premises on that account, plaintiff was only entitled to recover rent for the first three days of June. The instruction is complained of as unwarranted in two respects by the evidence: First, because neither by a covenant in the lease nor by any rule of law, was plaintiff under an obligation to keep the rooms in a tenantable shape, and secondly, because the entire evidence showed

plaintiff was at all times ready to repair the plaster before defendant moved out. Those reasons may be sound, but they are irrelevant in view of the theory upon which the case was tried by plaintiff in the court below. The defense was not interposed that plaintiff was under no obligation to repair the plaster, but, on the contrary, the evidence introduced and the instructions requested in its behalf, assumed it was plaintiff's duty to repair; and the evidence and the instructions for defendant proceeded on the same assumption. Plaintiff endeavored to prove it had offered to perform this duty and had been prevented by defendant; whereas defendant endeavored to prove the contrary, and also permission on plaintiff's part for him to vacate his apartment. The same remarks are apropos to the contention that the undisputed evidence proved plaintiff was ready and offered to repair, but was prevented by defendant. Instead of a peremptory charge being asked on either of those grounds, plaintiff asked and the court gave an instruction which made an issue for the jury upon the evidence relating to them. It is trite law that a party cannot invite a trial court to submit a question to the jury as though the evidence upon it was contradictory, and then obtain a reversal for error in submitting it. See citations in Cady v. Coates, 101 Mo. App. 147.

The court refused an instruction requested by plaintiff, which told the jury the verdict should be for plaintiff unless the jury believed the plaster was in a dangerous condition, and a menace to the lives and safety of defendant and his family at the time he removed from the premises, and plaintiff had refused and failed to repair before said removal. This instruction propounds an erroneous rule in regard to what would render the apartment untenantable and constitute a constructive eviction. It was not necessary for the plaster actually to menace the safety and lives of the family. If it was in such bad order as to interfere seriously and permanently with the beneficial use and enjoyment of

the premises as a place of residence, there was an eviction. [2 Underhill, L. & T. 676, *et seq.*; 2 McAdam, L. & T., sec. 4041; Taylor, L. & T., sec. 309a; 7 Am. and Eng. Ency. Law (2 Ed.), 471; Jackson v. Eddy, 12 Mo. 207.]

As to the error assigned upon the non-reception of the first verdict returned by the jury, suffice to say the court did not absolutely decline to receive the verdict; but as it was not in proper form, or in response to the issues, requested the jury to deliberate further. On no possible theory was plaintiff entitled to recover $100. Probably the court would have had no right to refuse to record the verdict if the jury had persisted in it (State ex rel. v. Rombauer, 44 Mo. 590); but that is a different proposition from saying it was without the power to request the jury to deliberate further, if the verdict was irregular and unresponsive to the issues. See citations in Ver Steeg v. Paint Co., 106 Mo. App. 257, 287.

The judgment is affirmed. All concur.