GEORGE W. MENEFEE, Respondent, v. LUTE DIGGS, Appellant.

St. Louis Court of Appeals. Argued and Submitted December 9, 1914.    Opinion Filed January 5, 1915.

1. INSTRUCTIONS: Conformity to Issues: Waiver. The general rule is, that instructions must be confined to the issues in the case as pleaded; but where, at the trial, evidence which is outside of the pleadings is introduced without objection, it is not error to instruct on these matters, as well as on the case made by the pleadings.

2. VERDICT: Responsiveness to Issues: Amount of Recovery. Where plaintiff pleads a contract for an agreed commission for the sale of land, and defendant denies that he entered into the contract or that he is liable for the commission, a verdict for plaintiff for one-half the alleged contract price is outside of the issues and cannot stand.

Appeal from Montgomery Circuit Court.—*Hon. James D. Barnett,* Judge.

REVERSED AND REMANDED.

*E. S. Gantt* and *S. S. Nowlin* for appellant.

(1)  Instructions should be confined to the issues presented by the pleadings and the evidence.  Home Bank v. Towson, 64 Mo. App. 97; Waddingham v. Hughlett, 92 Mo. 528; D. Donata v. Morrison, 160 Mo. 581; Glass v. Gelvin, 80 Mo. 297; Ely v. Railroad, 77 Mo. 34; Kelly v. Stewart, 93 Mo. App. 47; Kingman & Co. v. Buggy Co., 150 Mo. 282; Rothschilds v. Fernsforf, 21 Mo. App. 318; Mansur v. Botts, 80 Mo. 651; Wright v. Fonda, 44 Mo. App. 634; Whitlock v. Appleby, 49 Mo. App. 295; Altman & Taylor Co. v. Smith, 52 Mo. App. 351; Whipple v. Building & Loan Assn., 55 Mo. 554; Matney v. Railroad, 75 Mo. App. 233. (2)  Under the terms of the contract pleaded, plaintiff should recover, if anything, the full amount agreed upon.  Weisels Gerhardt & Co. v. Pemberty Investment Co., 150 Mo. App. 626; Witty et al. v. Saling et al., 171 Mo. App. 574; Cole v. Armour, 154 Mo. 333.

*E. Rosenberger & Son* for respondent.

REYNOLDS, P. J.—Plaintiff brought his action against defendant for commission on an exchange of lands, the petition averring that, being a real estate agent and broker, and defendant being anxious and desirous of selling or exchanging 252 acres of farm land, of which he was the owner, entered into a contract with plaintiff, whereby he agreed that if plaintiff would find him a purchaser for the farm, or find some person who was willing to exchange other land for defendant's farm, that he, defendant, would pay plaintiff a commission of $1 per acre, to-wit, $252, for plain-

tiff's services in the matter. It is averred that, acting
under this contract of employment, plaintiff produced
and introduced to defendant one Norwood, then the
owner of another farm, and had brought about an ex-
change between Norwood and defendant of their
respective properties, and it is averred that defend-
ant became indebted to plaintiff in the sum of $252,
payment of which, although demanded, was refused.
Judgment is prayed for this amount with six per cent
interest from date of demand, together with costs.

The defendant answered by a general denial.

The cause went to trial before the court and a
jury and at its conclusion the jury returned a verdict
in favor of plaintiff for $126, judgment following.
Defendant objected to the receipt of this verdict. His
objections were overruled, and filing a motion for a
new trial as well as one in arrest of judgment, and
saving exceptions to the action of the court in over-
ruling these motions, defendant has duly perfected his
appeal to our court.

There was evidence in the case on the part of
plaintiff tending to prove the contract as alleged, and
to the contrary evidence tending to prove the absence
of any contract, defendant himself specifically denying
entering into the one in suit and denying that he
employed plaintiff as his agent to make the exchange.
During the progress of the trial evidence was intro-
duced tending to prove that the defendant was also
acting in the transaction as the agent for Norwood as
well as for defendant, and that plaintiff knew of that.
Defendant denied this. Plaintiff's testimony more-
over tended to prove that he had not only told defend-
ant of his agency for Norwood, but also told defendant
that when he acted for both parties he was in the
habit of dividing commissions and that he would do
that in this case. This was also denied by defendant.

The errors assigned here by appellant are to the
giving of two instructions at the instance of plaintiff

(marked 2 and 3) and to the refusal of the court to give an instruction asked by defendant.

Instruction No. 2 given at the instance of plaintiff told the jury in effect that a real estate agent is not permitted to act for both parties in an exchange of farm lands without the knowledge and consent of both parties to such exchange, but that if both parties to an exchange of lands know that a real estate agent is acting for both parties and consent thereto, then the real estate agent is entitled to his commissions from both parties, even if he is the agent of both, provided he is the procuring cause of the exchange and has been employed by both to bring about the trade.

Instruction number 3 was practically to the same effect, repeating the same idea in different language. It is complained of these instructions that they are outside of the issue pleaded.

Neither these nor any other instruction made any reference to any contract as to a division of commissions when the agent represented both parties.

The general rule is, that instructions must be confined to the issues in the case as pleaded, but it has been held in many cases that where at the trial of a case evidence is introduced without objection, which is outside of the pleadings, it is not error to instruct on these matters as well as on the case made by the pleadings. A leading case on that is Mellor v. Missouri Pac. Ry. Co., 105 Mo. 455, 16 S. W. 849, a decision which has since been followed in very many other cases. In the case at bar the evidence bearing on this joint agency was introduced by both parties without objection on the part of either. Hence we see no impropriety in submitting that issue to the jury.

The instruction asked by defendant and which was refused by the court, was that if the jury found for plaintiff, their ''verdict will be for the sum of $252, no more and no less.'' As we have noted, the verdict of the jury was exactly one-half the amount for which

plaintiff sued. As before noted, no instruction was given which warranted the jury, if they found a joint agency, to divide commissions. By some sort of reasoning upon the part of the jury they probably believed that plaintiff was the joint agent of the two parties to the exchange, and that that being so, according to plaintiff's own testimony, his commission was to be divided between these parties, each being liable for one-half. If that was plaintiff's contract with defendant, it was not the contract pleaded. The only contract pleaded, as we have seen, is a contract for a specific sum of $252. It was held in Cole v. Armour et al., 154 Mo. 333, 55 S. W. 476, that where a plaintiff sued on a special verbal contract as was the case here, he must recover upon that contract or not at all. That is a well established rule. It has been enforced in many cases. Our court had the same question before it very recently, in two cases, each of them in cases in which commissions were claimed to have been earned in negotiating sales or transfers of real estate. In each of them it was held that, in an action on an express contract for a specified sum, as here, the issue raised by the answer denying the contract being whether there was a contract, and by that contract plaintiff being entitled to recover a specified sum, that a verdict for less than the specified sum will be set aside, on appeal, as not responsive to the issues. [See Weisels-Gerhardt Real Estate Co. v. Pemberton Investment Co., 150 Mo. App. 626, 131 S. W. 353, and Witty v. Saling, 171 Mo. App. 574, 154 S. W. 421.] On the authority of these cases, the verdict and judgment in this cause will have to be set aside.

The judgment of the circuit court is accordingly reversed and the cause remanded. *Nortoni* and *Allen, JJ.,* concur.